Ruffin, Chief Justice,
 

 after stating the case as above, proceeded as follows: — The decision of his Honor is in conformity to the cases of
 
 Crow
 
 v.
 
 Holland,
 
 4 Dev. 417 ; and
 
 Featherston
 
 v.
 
 Mills,
 
 Id. 596. If this appeal was intended to bring under reconsideration the doctrine of those cases, it is to be regretted that the appellant has not aided us by another argument. Although those decisions were made upon advisement after full arguments, the Court would cheerfully listen to any well founded objections .to them, choosing rather to retract our error than to persist in it. But as no member of the Court has. at any time entertained a doubt upon any one of the positions on which those decisions rest, the rule of the common law, the provisions of our statute, and the principles and policy which govern its construction, we see. no reason to be dissatisfied with the opinions thei;e delivered, but retain them entirely. Indeed, we concei.ve-that a contrary doctrine', judicial or legislative, would disturb the public repose, endanger numerous old titles,, and be fraught with public inconveniences and private mischiefs, the extent of which is beyond the forecast of any man.
 

 The right to vacate a grant of the sovereign, must originally be the right of the sovereign alone. It may be exercised upon the ground, that the patent was obtained to the injury of the public, strictly speaking; as if the officers, entrusted with the duty were to issue a patent without payment of the purchase money into the treasury. It may also be exercised upon the ground that the sovereign has been betrayed by false suggestions, into making a deed to one person to the prejudice of another; as if a patent be obtained for land which the state has already granted or agreed to grant ; for it is a fraud on the. state, and an injury to her, to make her involuntarily the instrument of injustice and wrong to. individuals. The,
 
 *248
 
 right of this remedy has however been delegate^ to “any person^ aggrieved by any patent,” and such person is aIl°wed to use his great prerogative writ as a private remedy. But in what state of facts can he thus use it
 
 1
 
 We think clearly that it can only be, when the act complained of was, in its perpetration, an injury to the state, and also on the relator. Both must concur. If no individual be injured at the time, but the state only, to the state exclusively belongs the redress. The stale did not mean to invoke the aid of individuals in redressing wrongs on her, nor to confer on them the power to sue for her use. When the proceeding is for her benefit, she not only acts in her own name, but acts through her own officers. She will not act on the relation of a private person, unless upon the suggestion, sustained by proof, that he had such a legal interest in the thing, as made it unjust in him to bestow it on another; which cannot be if the relator’s interest be subsequently acquired. Such, we think, is the obvious sense of the words of the statute, as well as the principle of the common law.
 

 But that sense is indubitably confirmed to our apprehension, when it is considered what consequences would follow from inciting the cunning and litigious to a scrutiny of all the patents issued since the declaration of independence, with a hope of detecting some irregularity in the entry, warrant, survey, or other proceeding on which the patent was founded. Suits would be multiplied to an endless extent, and no title since the revolution could be called sure. JHalf our territory would be scrambled for by the most worthless men, and much of it wrested upon some latent and unintentional defect, from the peaceful and honest possessors. Now, to the state it is immaterial to which one of two of her citizens she grants a peculiar tract of land: from each she gets the same price for granting, and the samé revenue for it when granted. She will not, therefore, for herself, insist on. vacating the grant in every case in which she might do. so; because it is her poliey to parcel out the public domain among her citizens; and by law the land would immediately become the subject of entry again at the same
 
 *249
 
 small price, and her fiscal interests be therefore in no wise promoted. Can it be supposed then, that the purpose of the act of 1798, was to hatch a swarm of land-jobbers to har- ass, in the name of the state, her patentees, whose quiet she would not herself disturb, and to draw into question the titles made by herself? That the authors of the commotion should be rewarded with the spoils they could gather, pro'vided they would pay for the land — settled, improved, and cultivated under the old patent, the price of wild, and unappropriated land ? It is impossible to impute to the legislature a policy so cruel and so ruinous. But to say nothing more upon that head, a short and conclusive answer to the argument is, that a subsequent grant, is, as such, and
 
 per se,
 
 void, and may be vacated at the suit of the state, for no other reason than that the land was before granted. The statutes authorize the entry and grant of such lands
 
 only “
 
 as have not been before granted.” Consequently, it is “ against law” to obtain a grant for land, while a previous grant for the same land remains in force. Now, when the record shows upon its face that the title of the relator was obtained against law and ought to be vacated, it would be too much to hold, that nevertheless he had an interest in the subject which rendered a prior grant
 
 a grievance to him.
 
 If there were an actual fraud on the state, or her interests were really prejudiced, the course of the junior patentee is to inform the authorities of the state, so that they may act for her, as may best promote her interest or her honour.
 

 An elder entry converts a patentee of the same land, with notice’ '“to and the remedy in equity,
 

 If these conclusions be correct, it further follows, certainly, that a prior entry will not help the relator, for the reasons given in
 
 Featherston v. Mills.
 
 An elder entry creates an equity which converts a patentee of the same land into a trustee, provided he has notice of the entry. Such notice makes the patentee guilty of a fraud on the party complaining; and that is an appropriate ground for the relief granted, namely, a decree for a conveyance, But that is very different from repealing the grant at law, merely because the land had been entered and was there-, fore not the subject of the second entry, on which the grant emanated. For we take it, that such must be the
 
 *250
 
 rule, and that notice or not of the previous entry could make ho difference, since the repeal does not go on the ^rau<^ 0,1 private party, but on that upon the state, or the illegality of the grant. The injury to the enterer is an injury to the equitable owner, and supposes the patentee to be the legal owner; and the decree for a conveyance is a complete relief. To give this other remedy by
 
 scire facias
 
 to cancel the record in the name of the state, would be without necessity or fitness.
 

 Per Curiam. Judgment affirmed.