Nash, C. J.
We concur with his Honor in his opinion, the plaintiff is not entitled to a verdict. By the Act of 1836, ch. 56, sec. 25, it is provided that where an executor or administrator shall be warranted, and shall be desirous to avail himself of a want of assets, he may suggest it to the magistrate, who shall endorse it on the warrant, and return the papers to the next term of the County Court, with the judgment, which he is authorised to give. In this case the suggestion was made and endorsed, and a judgment for the amount due by the intestate, given. The magistrate neglected to return the papers to Court, and after some timé, the warrant issued in the present case upon an alleged fof-mer judgment. We agree with his Honor, that no such judgment existed as is set forth in the warrant. A judgment, to au-thorise the action upon it, must be a final one, ascertaining the rights of the respective parties. In this case it was not final. It merely ascertained the amount due from the intestate, but does not ascertain the liability of the defendants to pay. That was a question which the Legislature has not entrusted to a single magistrate. In truth, it could not be well ascertained before such a tribunal. The questions arising in such an investigation, in *410 volving, often, an inquiry into the settlement of the whole estate, to ascertain whether the representative has observed the order directed to be observed in its administration, requires the aid and assistance of a jury, and the supervision of a Court duly qualified. The judgment given by the magistrate was not a final one, for no execution could issue upon it; and upon it no warrant can be sustained.
Per Curiam. Judgment affirmed.