## FARRELL VS. HENNESY.

PLEADING: *Admissions in one defense of facts denied in another.*—GUARDIAN'S SALE NOT VOID.— *Verdict improperly received— Waiver of objection.*

1. A general denial in an answer will not put the plaintiff upon proof of facts elsewhere admitted in such answer.

2. Where a guardian's sale of land, made upon an order of the probate court, is reported and confirmed as a sale for cash, and a deed executed to the purchaser in due form, the title of the latter cannot be contested, in ejectment by him against a third party, on the ground that no money was in fact paid at such sale.

3. Where, upon the jury being polled, one of them declares that the verdict is against his conscience, and that he consents to it only because all the rest have agreed to it, they should be directed to retire and reconsider their verdict.

4. But where, after such declaration of a juror, the verdict was received and recorded without objection by the party against whom the verdict was found, it was no error to refuse a new trial on that ground.

ERROR to the Circuit Court for *Dodge* County.

The action below was ejectment by *Mary Hennesy* against *Farrell,* for eighty acres of land. Answer: 1. A general denial. 2. That one Michael Murphy died in said county in 1846, seized in fee of said land, leaving as his only heirs two minor children, Bridget and Catharine Murphy; that one Michael Mulvaney was duly appointed guardian of said children, and, under an order of the probate court, said land was sold by him at auction for the support and education of said children, which sale, however, the defendant alleges to have been void; that one Bergen bid in the land at such sale for a nominal consideration of $320, but no money was in fact paid, although the sale was reported and confirmed as a cash sale; that Ber-

gen thereupon deeded the land to the plaintiff, " upon the true and only consideration which existed for either of said transfers," to wit, the agreement of plaintiff to maintain and educate said minor children in the manner specified in a bond given by her to Mulvaney (which is set forth in the answer); that to secure the full performance of her agreement expressed in the condition of said bond, plaintiff, in April, 1852, executed to Mulvaney, as such guardian, a mortgage of said land, which was recorded in August following ; that plaintiff has never fulfilled the condition of said bond and mortgage, but has made default therein in every particular ; that defendant is the husband of said Bridget Murphy, who is now over twenty-one years of age ; and that in her right, by her direction and that of said Mulvaney, who is still guardian of Catherine Murphy (said Catharine being yet a minor), defendant went into possession of the land, which was then vacant, and now resides thereon with said Bridget.

On the trial, plaintiff put in evidence a guardian's deed of the premises, in due form, dated December 13, 1851, from Mulvaney to Bergen, and a deed from Bergen to herself, dated April 8, 1852. An objection to the evidence as immaterial, was overruled. A motion by defendant for a nonsuit was also denied. Defendant then offered Bridget Farrell, his wife, as a witness, but the court sustained an objection to the offer.

Verdict for the plaintiff. Defendant moved to set it aside, upon affidavits which showed that when the jury came in, and the foreman passed up to the judge a verdict for plaintiff, defendant's counsel demanded that they should be polled ; and one of the jurors, when asked whether this was his verdict, answered: " It was and is my verdict, but it is contrary to my conscience. I only consent to it because all the rest have given in for the plaintiff." The verdict was however received without any objection from the defendant or his attorney, and after it had been recorded, the judge read it to the jury, and

again asked if it was their verdict; and they answered in the affirmative without a dissenting voice, and the foreman subscribed the record, no objection being taken by the defendant.

The motion to vacate was denied, and judgment rendered upon the verdict; to reverse which this action was brought.

*Smith & Ordway*, for plaintiff in error, contended that the statement in the second defense that plaintiff held a deed from Bergen, who held the guardian's deed, could not avail the plaintiff on the trial, for two reasons: 1. Because it was mere inducement, and was coupled with the further allegation that the guardian's deed was void. 2. Because it could not be construed into an admission of anything more than the deed itself would have proved, if produced. But that would not have been sufficient to show title in the plaintiff without proof of the proceedings in the probate court, upon which the deed was based. 2. The verdict ought not to have been received. *State v. Austin*, 6 Wis., 205. The failure of the defendant to object to its reception was no waiver. All the cases of waiver as to the verdict of a jury, are cases of mere irregularity. *Douglass v. Tousey*, 2 Wend., 352. But this was a matter of substance, and there was in fact *no* verdict. The jurors are sworn to give a *true* verdict. The right to trial by jury is the right to a free, unanimous, *conscientious* verdict. When the jurors were polled on defendant's demand, and it became evident that they had not rendered such a verdict, it was the duty of the court to send them back for further deliberation, and on their failing to agree, to discharge them.

*I. P. Walker*, for the defendant in error.

COLE, J. It is insisted that the motion for nonsuit should have been granted, because the plaintiff, when she rested, had given no sufficient proof of title in herself to the premises in controversy when the action was commenced. It is true, the deeds put in evidence were objected to on the ground of im-

materiality; but no objection was taken that they were not sufficient in form to convey the title providing the probate proceedings were regular. Now we are of opinion that these deeds, together with the admissions in the second defense set up in the answer, relieved the plaintiff from the necessity of making further proof of title in the opening of the cause. For it appears from the admissions in the answer, that the title, which was in Murphy at the time of his death, has, by the guardian's sale and conveyance, become vested in the plaintiff. It is true, it is further alleged that this sale was void; but for what reason is not stated, unless it be because the purchaser, Bergen, who bid in the land for the nominal consideration of $320, in fact paid no money therefor. But it is certainly impossible to say, even with such an allegation in the answer, that the whole probate proceedings were of no effect. For the other facts admitted show that they were not void, but that, by virtue of those proceedings and subsequent conveyances, the title became vested in the plaintiff. And this being so, the plaintiff could avail himself of these admissions, although the answer contained the general denial. *Sexton v. Rhames*, 13 Wis., 99 ; *Hartwell v. Page*, 14 id., 49. The motion for a nonsuit was therefore properly denied.

We have had no little difficulty in determining what should be the effect upon the judgment of a verdict received under the circumstances disclosed in the affidavits on both sides on the hearing of the motion for a new trial. Had the defendant objected to the verdict being received after what was said by the juror, Grubee, we should without hesitation send the cause back for a new trial, on account of the irregularity in the rendition of the verdict. But he made no objection to the verdict being received and recorded as the verdict in the cause. Must he not then be deemed to have waived all objection to the irregular manner in which the verdict was pronounced and recorded by the court ? It is claimed by the counsel for the plaintiff,

that the irregularity is cured, because the defendant did not take an objection to the verdict being received in the court below, where the court could have sent the jury out for further deliberation. It is said that the time to raise an objection of this nature is before the verdict is received, and when an opportunity exists for the jury to reconsider their verdict; and that if the objection is not then taken, it is waived. There is much force in this view of the matter, and we are inclined to think that it is sound. At the same time, we deem it due to the proper administration of justice to say, that we decidedly disapprove of the court receiving a verdict as this was received, even though no objection was taken at the time by the defeated party. It was clearly the duty of the court, upon its own motion, when the juror said that although he had consented to the verdict as a matter of accommodation, yet it was against his conscience, to have directed the jury to retire and reconsider their verdict. Courts cannot exercise to much care to secure a free, voluntary, conscientious and unanimous verdict. *State v. Austin*, 6 Wis., 205; *Bunn v. Hoyt*, 3 Johns., 255; *Douglass v. Tousey*, 2 Wend., 352.

It follows from these views that the judgment of the circuit court is correct, and must be affirmed.

*By the Court.*—Judgment affirmed.