## DICKSON VS. COLE.

| 34 | 621 |
| 84 | 647 |

(1) *Action, at law or in equity ?* (2) *Cause of action: Assignor and assignee of mortgage: Release of mortgage debts by assignor.* (3) *Effect of admissions in pleadings.* (4) *Burden of proof: Matters of defense: Nonsuit.*

1. The complaint avers, in substance, that plaintiff transferred to defendant notes and mortgages to secure a debt due the latter; and defendant agreed to use due diligence in the collection thereof, to retain out of the proceeds the amount of such debt, with costs and expenses of collection, and to pay the surplus to the plaintiff; that defendant made such collections; and that, after deducting the amount of such debt, costs and expenses, he has a certain surplus in his hands, for which judgment is demanded. *Held,* that a *cause of action at law* is stated, and not one *in equity* for an accounting.

2. If defendant took from the mortgagor a conveyance of the premises described in one of such mortgages, and released the mortgage debt without any agreement with the plaintiff in regard thereto, he is *liable to account* to plaintiff for the *amount of such debt.*

3. If allegations of the complaint are admitted in the answer, plaintiff is not required to prove them, although such admissions are made in connection with averments which he controverts, or, although the allegations thus admitted are elsewhere denied in the answer. *Sexton v. Rhames,* 13 Wis., 99, and other cases in this court followed.

4. The answer here admits all the allegations of the complaint above stated, but avers, by way of avoidance, a further agreement between the parties. Plaintiff made proof only that at a certain date (after the collection of said securities), he demanded of the defendant a statement of the business, and that defendant admitted that it was closed up, and promised to make such statement. Defendant then moved for a *nonsuit,* which was denied. *Held,*

   (1.) That the *burden of proof* was on defendant, to show the new agreement set up in the answer.

   (2.) That plaintiff, under the pleadings, was not required to produce evidence except as to the demand for a statement of the business, and probably even that was necessary only to fix the time when interest on his claim should commence.

   (3.) That if any costs or expenses of collection accrued, the amount of which is not admitted in the complaint, that is *matter of defense,* to be set up and proved by the defendant.

   (4.) That the *nonsuit* was therefore properly denied.

APPEAL from the Circuit Court for *Dane* County.

It appears by the pleadings that on the 7th of June, 1860, the plaintiff was indebted to the defendant in the sum of one thousand dollars, and that, for the purpose of securing the same, he transferred to the defendant four promissory notes, secured by three mortgages on real estate, on which there was then unpaid over thirteen hundred dollars of principal, and some interest. The defendant agreed to use due diligence in collecting said notes and mortgages, and, retaining the amount of plaintiff's indebtedness to him, to pay over the surplus, if any, to the plaintiff, less the necessary costs and expenses of collection.

In November, 1860, the defendant collected one of the notes and mortgages in cash, the amount thereof being about $350. In 1862 he received from another mortgagor, Rugg, a conveyance of the mortgaged premises, in which he was named as grantee, in full satisfaction and discharge of the indebtedness of said Rugg. The principal of such indebtedness was over $800, and some years' interest had accrued thereon. Rugg was insolvent. The remaining mortgage, which was for $300, and executed by one Lord, who was also insolvent, was foreclosed by the defendant in his own name. On the foreclosure sale, which was in 1863, the defendant purchased the mortgaged premises for the full amount of the debt secured by the mortgage, and costs of foreclosure, and took a conveyance thereof to himself from the officer making such sale. Thus far the facts are undisputed.

The action is for a money demand only, arising on contract. The complaint alleges that the defendant has collected on such notes and mortgages five hundred dollars more than his debt against the plaintiff and the costs and expenses of collection; and demands judgment for that sum and interest from a specified date.

The answer of the defendant alleges that on or about November 24th, 1861, the parties made a further agreement, by which he released the plaintiff from the payment of said debt

of $1,000 and interest, in consideration whereof the plaintiff released and surrendered to the defendant all claim for the money collected on the one note and mortgage, and all claim to the other notes and mortgages and the proceeds thereof, and agreed that said money, notes and mortgages should be the absolute property of the defendant. And it is further alleged, that, pursuant to such agreement, and with the knowledge and consent of the plaintiff, the defendant settled with the mortgagor Rugg, " by taking and accepting from him, in the defendant's own right, and for his own use, a deed of conveyance by quitclaim of the premises described in said mortgages, in satisfaction of said note and mortgages;" and that he foreclosed the Lord mortgage " in his own name and in his own right," and purchased at the foreclosure sale the mortgaged premises for the amount of the mortgage debt and costs of foreclosure, taking a conveyance thereof to himself. as before stated.

The answer also alleges, and the testimony tends to show, that the premises covered by the Rugg and Lord mortgages were not equal in value to the respective mortgage debts. But upon this question the testimony is conflicting.

On the trial, the plaintiff introduced testimony tending to show that in 1863 he asked the defendant to send him a statement of the business, and that defendant said it was all closed up, and promised to make a statement thereof, but has never done so ; and there rested his case. Thereupon the defendant moved the court for a nonsuit, on the grounds, 1st. That the plaintiff is not entitled to recover under the complaint; and 2nd. That there is not sufficient evidence to entitle him to recover. The court denied the motion.

The testimony on the trial in relation to the special agreement stated in the answer is very conflicting — that on behalf of the defendant tending to show that such an agreement was entered into as therein alleged, and that on behalf of the plaintiff tending to show the contrary.

It became a question of fact on the trial, whether the de-

.fendant settled the Rugg mortgages by the direction and with the consent of the plaintiff; and a letter written by the latter to the former, dated November 24th, 1861, was read in evidence, wherein he advised the defendant · to settle the matter with Rugg and take a deed of the property. The plaintiff testified that he had previously told the defendant that if he took the property he must take it at the full amount of the mortgages upon it.

Under the charge of the court, which is further mentioned in the following opinion, the jury found for the plaintiff, and assessed his damages at $830. After a motion for a new trial had been denied, judgment was perfected on the verdict; and the defendant appealed.

It is not denied that if the plaintiff is entitled to be allowed the full amount of the mortgages, the verdict is for the proper sum.

*I. C. Sloan*, for appellant:

1. The court should have nonsuited the plaintiff. (1.) The complaint is insufficient. The plaintiff's real cause of action is for an account. There is no allegation as to the amount of costs and expenses incurred by the defendant in collecting the notes and mortgages, or that the plaintiff had no knowledge upon the subject. (2.) There was no evidence given by the plaintiff to show that defendant had collected anything, nor as to the amount of costs and expenses in collecting; so that when the plaintiff rested, it was not possible for the jury justly to find that any sum was due from defendant to plaintiff. The plaintiff, having relied upon the admission in the answer, was bound to take the whole admission together. When the admission is in writing, and is the only evidence in the case, there is no rule which will allow a court or jury to find one part true, and the other part false. The answer, taken as a whole, is a denial of indebtedness, and yet the court held that it admitted an indebtedness. This was error. *Dorlon v. Douglas*, 6 Barb., 451; *Troy ctc. R. R. Co. v. Kerr*, 17 id., 581. The costs and

expenses of collecting the notes and mortgages may have amounted to the whole residue, and the plaintiff should have proved that he was entitled to recover some specific sum. 2. The weight of testimony is with the defendant. But if the court considers that the testimony of plaintiff and defendant is balanced, then there can be no recovery, as the written testimony shows that defendant took title to the Rugg property with the plaintiff's consent, and that property was substituted for the notes and mortgage of Rugg, and the defendant held it as trustee; and until he sold it there could be no liability.

*Williams & Sale*, for respondent, insisted that plaintiff had a right to avail himself of defendant's admissions, and these, with the proofs offered on the trial by the plaintiff, were plainly sufficient in law to entitle him to recover.

LYON, J. The questions raised by the motion for a nonsuit are the principal questions which are presented by this appeal for our determination.

It is claimed that a purely legal action, or action at law, cannot be maintained on the allegations of this complaint; but that the cause of action therein stated is one in equity for an accounting. The case is simply this: A debtor transfers to his creditor certain notes and mortgages as security for the debt, and the latter agrees to use due diligence in the collection thereof, to retain the amount of the indebtedness and reimburse himself for the costs and expenses of making the collection, out of the proceeds, and to pay over the surplus to the debtor. The creditor makes the collections, and, after deducting the amount of such indebtedness, costs and expenses, he has a surplus in his hands. This is precisely the case made by this complaint. Can it be doubted that the party entitled to such surplus may maintain an action at law to recover it? That he may do so seems too clear for question or argument. It must be held, therefore, that the complaint states a good cause of action at law.

The other ground upon which the nonsuit was asked is thus stated in the brief of counsel: "There was no evidence given by the plaintiff to show that the defendant had collected anything, nor as to the amount of costs and expenses in collecting, so that when the plaintiff rested it was not possible for the jury justly to find that any sum was due from the defendant to the plaintiff."

It seems scarcely necessary to say that if the defendant took a conveyance of the mortgaged premises from Rugg in his own right, and released the mortgage debt without any agreement with the plaintiff in relation thereto, he is liable to account to the plaintiff for the amount of such debt. The court so instructed the jury, and the instruction is undoubtedly correct. We think that the answer tenders but a single issue of fact to be determined by the jury, which is, whether the alleged special agreement set out therein was entered into by the parties, and that every other fact essential to the plaintiff's right to recover is therein admitted, except, perhaps, the demand of a statement of the business, and probably it was only necessary to prove that fact in order to fix the time when interest should commence on the claim of the plaintiff. On the issue as to whether such special agreement was made, the burden of proof was necessarily upon the defendant, who asserted the affirmative of the issue. Hence it follows that the plaintiff made a *prima facie* case before he rested.

But it is said that the plaintiff must take the answer as a whole — that he can not be permitted to rely upon a fact stated therein which may be favorable to him, and use it as an admission, and at the same time reject other facts therein stated which are unfavorable to him. That is to say, if the plaintiff would avail himself of the averments in the answer to the effect that the defendant took the conveyance of the land in his own right and for his own use, he must also admit the making of the special contract stated in the answer. But in several cases this court has taken a different view of the law, and has held

that if a fact be expressly admitted in any part of the answer, such fact is to be taken as true against the defendant; and the plaintiff is relieved from the necessity of proving it; and this although it may be controverted in some other part of the answer. The principle must necessarily be the same where the fact is stated by way of confession and avoidance, as in this case. *Sexton v. Rhames*, 13 Wis., 99; *Hartwell v. Page*, 14 id., 49; *Orton v. Noonan*, 19 id., 350; *Farrell v. Hennesy*, 21 id., 632. In this answer there is an express averment that the defendant purchased the land in his own right and for his own use; and this relieved the plaintiff of the necessity of proving that fact in the first instance, notwithstanding the answer further averred that he did so because the plaintiff had theretofore released to him all claim on the notes and mortgages, or the proceeds thereof.

A somewhat different view seems to have been taken in *The Troy & Rutland R. R. Co. v. Kerr*, 17 Barb., 581; but the rule as above stated is now too well settled in this state to be disturbed by judicial decision.

The motion for a nonsuit was properly denied; and in the instructions to the jury, the learned circuit court laid down the law in accordance with the foregoing views.

It should be observed that if any costs or expenses of collection accrued, that is matter of defense, and it was not necessary for the plaintiff to make any averment or offer any proof on the subject.

The question whether the defendant took the conveyance of the Rugg property by and with the consent of the plaintiff, and without any agreement that the defendant should allow the plaintiff the full amount of the mortgages thereon, was submitted to the jury, who were instructed, as requested on behalf of the defendant, that if they found such to be the fact, although they should fail to find that the special agreement set up in the answer was entered into, the plaintiff could not recover.

The following instruction was asked on behalf of the defend-

ant, but was refused: " That as the plaintiff, in his letter to the defendant of the date of November 24, 1861, consented and advised the defendant to take a deed of the property from Rugg, and the defendant having done so, he became a trustee or mortgagee in possession of that property, and the plaintiff is not entitled to recover in this action." The fault in the proposed instruction is, that it entirely ignored the testimony which tended to show that such consent or advice was given with the express qualification that the defendant must account to the plaintiff, if he took the conveyance, for the full amount of the mortgage debt. The court properly refused to give it.

As before remarked, the testimony on the vital question in the case is very conflicting; and were we required to decide the question of fact, we might and probably should be in great doubt as to which way the testimony preponderates. But it is not our province to decide that question. The jury have determined it, after being fairly and correctly instructed in the law of the case; and it would be a usurpation of an authority which the law has not conferred upon us, were we to disturb their verdict.

The judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.