## F. M. COOK v. GUIRKIN & CO.

*Pleading—Confession and Avoidance—Burden of Proof—Different Causes of Action.*

1. Where the answer admits material allegations of the complaint (i. e. such as are issuable or essential to the proof of the cause of action) but accompanies the admission with a statement of affirmative matter in explanation by way of defense, the admission, so far as it extends, has the force and effect of a finding of a jury, and the burden of proving the new matter in avoidance is upon the defendant.

2. An ordinary test to determine upon whom the burden rests to produce certain testimony is that it is always incumbent upon a party who sets up in his pleadings facts which are within his own peculiar knowledge, or who has the custody of documents upon which he relies to establish a certain averment, to prove such facts or averments where it is material for him to do so.

3. Where, in an action to enjoin the sale of mortgaged land, and for a cancellation of the note secured by the mortgage, the plaintiff alleged that the note had been paid and discharged in full by the sale of securities deposited with defendant for much more than the mortgage debt, and prayed judgment for the cancellation of the note and, as a second cause of action, prayed judgment for the residue of the proceeds of the sale of the securities, and defendant admitted the sale of the securities for more than the mortgage debt, but averred that the excess was applied, by plaintiff's consent, to the payment of other debts due by plaintiff; *Held*, that, upon the admission of the answer, the plaintiff, having established a *prima facie* case, was entitled to the equitable relief prayed for, and it was incumbent upon the defendant to prove the averments of his answer.

4. In such case, a motion by the plaintiff for judgment on the admissions in answer, before impaneling the jury, or his refusal to offer evidence in support of his second cause of action after the impaneling, does not affect his right to judgment on the first cause of action, though it waives his claim for relief on the second.

COOK *v.* GUIRKIN.

CIVIL ACTION, tried before *Timberlake, J.*, and a jury, at Fall Term, 1896, of PASQUOTANK Superior Court. The nature of the action and pleadings appears in the opinion of Associate Justice AVERY.

After the jury had been empaneled, the pleadings were read. The court then directed the plaintiff to proceed with his case. The plaintiff then announced that he rested his case on admissions in pleadings. The court then said : "Judgment for the defendant," and wrote same on his docket, and directed the Clerk to so enter it. The plaintiff then asked to be allowed to take a non-suit, which motion the court stated came too late, as judgment had already been entered for defendant, and refused it; said motion was made, however, before the actual signing of the judgment, but after its rendition. Plaintiff excepted. No issues were asked for, or tendered, or submitted. Plaintiff moved for a new trial. Motion for a new trial was overruled. Plaintiff excepted and appealed.

*Messrs. E. F. Aydlett* and *B. B. Winborne*, for plaintiff (appellant).

No counsel, *contra.*

AVERY, J. : The plaintiff alleges that the defendant holds his note for the sum of $464.60, due August, 1886, and secured by a deed of trust conveying a certain lot, and that on May 19, 1894, the other defendants caused the defendant trustee to advertise the same for sale. The plaintiff further alleged that the note had been paid and discharged in full by the sale of bonds and coupons deposited with the defendants, from which the defendants realized $1,500. The plaintiff demanded judgment that the note be canceled and for the residue of the $1,500 and asked and obtained an injunction till the hearing.

The defendants admit that they received the securities worth more than $1,500 from the plaintiff, but aver that the proceeds of the sale of the bonds received were by the plaintiff's consent applied to the payment of other debts due them from the plaintiff, after a settlement and before the note and mortgage (which gave rise to this controversy) were executed.

Upon the trial, the plaintiff rested his case before the jury upon the admissions in the answer, and insisted that the laboring oar was with the defendants to show the lawful application of the fund, which they admitted was received, otherwise the court should adjudge the application of it to the payment of the note secured by the mortgage.

Had the plaintiff simply set up, as a ground for the interference of the Court of Equity, that the debt secured by the mortgage had been paid, and had that allegation been met with a general denial, the burden would manifestly have rested on the plaintiff to prove the payment, but when the defendants admitted the receipt of $1,500 from the plaintiff and sought to avoid its application, as a payment on the note, by a general averment that it was lawfully applied to the payment of other claims held by them against the plaintiff, the question arose whether the burden was not shifted to the defendants. Was it not incumbent on them to show that a fund, admitted to have been received, was not properly applicable to the discharge of a debt acknowledged to have been then due, but that it was used in liquidation of other indebtedness, to which they might lawfully apply it in preference to the note?

The general rule is that the laboring oar remains with the plaintiff to establish every affirmative proposition, that it is essential to prove, in order to entitle him to the judgment demanded. But when the defendant admits the

COOK *v.* GUIRKIN.

truth of any or all of the facts, which constitute his cause
of action or entitle him to recover, such admissions as far
as they extend have the same force and effect as a finding
of the jury. *Helms* v. *Green*, 105 N. C., 251; *Bonham* v.
*Craig*, 80 N. C., 224. If the defendant admits all the
material allegations and seeks to avoid the apparent lia-
bility growing out of such admissions, by setting up new
matter in avoidance, he must prove the facts necessary to
establish his defense and thereby overcome the plaintiff's
apparent right to recover.

It is true in this case that the plaintiff first admitted a
debt and set up payment, but when the defendant
admitted a sufficient set-off, and sought to avoid its appli-
cation in discharge of the debt by averring the legal right
to apply it in some other way, it became incumbent on
them to show what they averred, or submit to the judgment
for a perpetual injunction. It seems to be the well settled rule
that where the answer admits material allegations of the com-
plaint but accompanies the concession with a statement of
affirmative matter in explanation by way of defense, " the
plaintiff may avail himself of the admissions without the
qualifications." Pomeroy R. & Rem., Sec. 578; *Dickson* v.
*Cole*, 34 Wis., 626; *Farral* v. *Hennessy*, 21 Wis., 632.
The material facts, in the application of the rule, are such
as are issuable or essential to the proof of the cause of action,
Pomeroy, *supra*, Sec. 617.

" Whenever, whether in plea or replication or rejoinder
or surrejoinder, an issue of fact is reached (says Wharton,
2 Law of Ev., Sec. 354) then, whether the party claiming the
judgment of the court asserts an affirmative or negative prop-
osition, he must make good his assertion. On him lies the
burden of proof." This rule was laid down as applicable
to the common-law system of pleading, where the contest
was ultimately narrowed down to a single issue. But

COOK *v.* GUIRKIN.

under *The Code* system the ultimate issuable fact upon which the controversy in our case hinges is whether the defendants held other claims, to which they had the right to apply the fund, which they admit passed into their hands. This they have asserted and have the means of proving if it be true.

One of the tests often resorted to in order to determine upon whom the burden rests to produce particular evidence is that it is always incumbent upon a party who sets up in his pleadings facts which are within his own peculiar knowledge, or who has the custody of the documents upon which he relies to establish a certain averment, to prove such facts or averments where it is material to his cause to do so. *State* v. *Morrison*, 3 Dev., 299; *State* v. *Emery*, 98 N. C., 668; *Helms* v. *Green, supra*, at p. 263; *Bank* v. *Bridgers*, 114 N. C., 383; 1 Rice on Civil Evidence, Sec. 77; *Brown* v. *Mitchell*, 102 N. C., 347; Rice Cr. Evidence, Sec. 260. In no court can the burden of proving a negative be imposed on a plaintiff, where the facts are within the peculiar knowledge of the defendant, and this principle may also be invoked in support of the proposition that it was incumbent on the defendant to show the truth of averments that, from the face of the pleadings, seemed to involve the production of papers in possession of defendants. Rice, *supra*, Sec. 262.

It may be contended for the defendants that the plaintiff, for a second cause of action, claimed that a balance of " five hundred dollars or some other large sum " was due him from the defendants, and that it thereupon became incumbent on him to offer testimony to show the sum that he was entitled to recover. But if, on the other hand, the pleadings established the right of the plaintiff upon his first cause of action to demand judgment that the mortgage debt was paid and for the cancellation of the note or

119—2

for a perpetual injunction, and the failure to offer additional evidence would not work a forfeiture of his right to the judgment which he was entitled to demand without impaneling a jury, the motion for such a judgment before impaneling a jury, or the refusal to offer proof in support of his second cause of action after they were impaneled, must be held a waiver of the claim for relief growing out of the second cause of action, but neither would work a forfeiture or be deemed an abandonment of the right to a judgment on admissions in pleadings which constituted a sufficient basis for a decree for any relief whatever.    The burden rests upon the plaintiff to prove a *prima facie* case, and he may safely rest when he has offered testimony tending to show his right to the relief demanded upon any one of several causes of action declared upon, *a fortiori* when upon the face of the pleadings admissions appear which entitle him to relief without offering any additional testimony.    1 Rice Civil Ev., p. 136, Sec. 894. The plaintiff was entitled to win upon the test question who had the right to judgment without offering testimony other than that already before the Court.

The assertion of the right to judgment upon one cause without attempting to establish the facts upon which other causes of action depend is a waiver of the demand for judgment upon them, but in no way precludes a party from the benefit of admissions in pleadings which are tantamount to a verdict that will support a judgment.

For the reasons given there was error, and the plaintiff is entitled to a new trial.

New Trial.