WILSON LUMBER AND MILLING COMPANY v. H. D. L. CLARKE AND D. B. KIRBY.

(Filed 11 May, 1910.)

**State's Lands—Right of Protest—Interest or Title—Description—Locus in Quo—Grant to a Stranger—Evidence.**

The right of one to protest an entry of State's land depends upon a claim by the protestant of title to, or an interest in, the land covered by the entry; and when he sets up his title and confines it to the lands described in the grant under which he

claims, which the protestee admits, but contends that it does not cover the *locus in quo*, the protestant may not put in evidence a grant to another covering the lands outside of his grant, under which he claims no interest or title, for the purpose of disproving the protestee's right to enter the land not claimed by protestant.

APPEAL from *Councill, J.,* at November Term, 1909, of CALDWELL.

This is a proceeding under the entry laws. This issue was submitted:

1. Is the land described on the map as the Clarke & Kirby entry, vacant and subject to entry? Answer: Yes.

The court rendered judgment for Clarke & Kirby, the entrants, from which the protestant, the Wilson Lumber Company, appealed.

*M. N. Harshaw* and *Mark Squires* for defendant, entrants.
*Jones & Whisnant* for plaintiff, protestant.

BROWN, J. The record discloses that Clarke & Kirby on 25 April, 1908, made entry in due form of certain alleged vacant lands described in the boundaries set out in the entry. On 23 May, 1908, the Wilson Lumber Company filed with the entry taker a protest, protesting the entry "for the reason that the above boundary of land is not subject to entry, having heretofore been granted to William Puett by the State, and by mesne conveyances conveyed to the protestant, the Wilson Lumber and Milling Company, and the said above-described land is now owned by the said Wilson Lumber and Milling Company."

On the trial the claimant, or protestee, as called in the record, offered in evidence their entry, No. 6695; also, grant 865 to William Puett, dated 6 June, 1874, for 193 acres; also, grant 994 to William Puett, dated 2 February, 1882; also, deed from Gordon Morrow to W. M. Puett, dated 21 June, 1883.

Here the protestees admitted that the protestant Wilson Lumber and Milling Company is the owner, through mesne conveyances, of the lands embraced in grants Nos. 865 and 994 to William Puett.

There was evidence on the part of both protestant and protestees as to the correct location of grant No. 865, as shown by court map—the yellow lines representing protestees' claim, and the blue lines the protestant's claims.

The whole contest turned upon the location of the grant 865. The jury located it according to the contention of the protestees or claimants.

152—35

The protestant offered in evidence grant No. 12222 to W. H. Barlow, but disclaimed any interest in the land covered by it. The court excluded it, and protestant excepted. This is the only assignment of error discussed in the briefs.

We sustain the ruling of the court, for two reasons:

1. The protestant confined the protest to the allegation that the boundary included the grants to William Puett, which protestant owned. The ownership of the Puett grants was admitted by the entrants, but upon locating one of the Puett grants, it was determined by the jury that the lands claimed in the entry were not covered by it. The protestant claimed no other interest in the entry.

2. The protestant, on the trial, disclaimed all interest in the Barlow grant. The statute giving right to file a protest provides: "If any person shall claim title to or an interest in the land covered by the entry, or any part thereof, he shall, within the time of advertisement as above provided, file his protest in writing."

The right to file the protest is made dependent upon a claim of title to, or an interest in, the lands covered by the entry.

The protestant comes into court defining the interest claimed as being under a grant to W. M. Puett, or William Puett.

That is conceded to protestant by the entrants, but in locating the Puett grants the entrant has satisfied the jury that there are other lands within the boundary of his entry than those.

As no one else has filed a protest except the Wilson Lumber Company, which disclaimed all interest in any other except the Puett grants, we think his Honor properly excluded the Barlow grant. So far as that grant is concerned, the Wilson Lumber Company is an officious intermeddler. Its existence gave the Wilson Lumber Company no ground for protest and no standing in court.

There is nothing in the case of *Walker v. Carpenter,* 144 N. C., 677, which holds that any person claiming no interest in an entry can successfully protest it. If the owners of the Barlow grant did not see fit to protest, we see no reason why the Wilson Lumber Company can do it for them.

No error.