ELLEN WALKER v. P. R. PARKER.

(Filed 19 May, 1915.)

1. **State's Lands—Entry—Vacant and Unappropriated—Former Grant—Statutes.**

   Land once granted by the State to a citizen does not thereafter become vacant and unappropriated within the meaning of the statute, Revisal, sec. 1893, because the State may thereafter have acquired the land without putting it to a special use.

2. **State's Lands—Entry—Descriptions—Statutes.**

   An enterer on State's lands must file with the entry taker a writing signed by him, giving the location of the lands sought to be entered, nearest water-courses, and remarkable places if any situated thereon, and natural boundaries, if any, of other persons, dividing the lands entered from other lands. (Rev., 1707.)

3. **State's Lands—Entry Taker—Publication—Protestant—Statutes.**

   The entry taker must cause a copy of the entry to be posted and published for thirty days in accordance with the statute, Revisal, sec. 1708, within which time a protest may be filed by one claiming an interest in the lands.

4. **Same—Notice to Show Cause—Issues—Parties in Interest.**

   Upon the filing of a proper protest to the entry, it is the duty of the clerk of the court to issue notice to the enterer upon State's lands to appear at the next term of the court to show cause why his entry shall not be declared inoperative and void (Revisal, sec. 1709); and when this is done, it raises an issue to be heard and determined by the jury.

5. **State's Lands—Protestant—Allegations—Descriptions—Interests.**

   The protestant to an entry of State's lands must allege in his protest that he claims an interest therein, or his protest will be dismissed; and if he claims the lands under a former entry, he must name the grant and describe it with reasonable particularity.

**6. State's Lands—Protestant—Allegation—Former Grants—Enterer—Burden of Proof.**

Upon allegation, in the protest to an entry of State's lands that a grant thereto had theretofore been issued, the burden is upon the enterer to show to the satisfaction of the jury that the grant does not cover the lands described in his entry, and upon his failure to do so the grant will not issue upon his entry.

**7. State's Lands—Former Grant—Entry—Color of Title—Issues.**

A grant of State's lands issued for lands previously granted is void for all purposes, and does not constitute color of title, by express provision of the statute, Revisal, sec. 1699, and a protest to the entry raises the issue of title solely between the enterer and protestant, in which the State is not interested.

**8. State's Lands—Former Grant—Entry—Protestant—Allegations—Adverse Possession—Limitation of Actions—Burden of Proof.**

Where upon protest to the entry of State's lands it is ascertained that the lands described in the entry are not contained in the former grant, the protestant may show, if he can, and upon proper allegation, that the lands are not vacant and unappropriated by sufficient adverse possession to take the title out of the State and vest it in himself.

**9. State's Lands—Protestant—Adverse Possession—Limitation of Actions—Burden of Proof.**

If the protestant to an entry of State's lands does not allege in his protest that a grant has previously issued for the lands, but that the land is vacant and unappropriated by reason of adverse possession, the burden of proof upon this allegation is upon the protestant.

WALKER, J., concurs in the result.

APPEAL by defendant from *Harding, J.,* at January Term, 1915, of WILKES.

This is a proceeding to protest an entry. The protestant alleged in her protest that she was the owner of two tracts of land, one of 45 acres and the other of 50 acres, the 50-acre tract being, as she alleged, the land covered by the David Parker grant, and that if the land described in the entry was within the boundaries of these two tracts of land, it was not vacant and unappropriated.

The 50-acre tract is located between the 45-acre tract and the land described in the entry, and therefore the land in the entry could not be within the boundaries of the 45-acre tract, and the jury found that the David Parker grant did not cover the land in the entry.

The protestant offered evidence of an adverse possession of the land for thirty years for the purpose of showing title out of the State.

The jury returned the following verdict:

1. Is the land embraced in P. R. Parker's entry as described on the map, or any part thereof, covered by the grant to David Parker from the State of North Carolina, under whom protestant claims? A. "No."

2. Is the plaintiff, Ellen Walker, seized and possessed of said land, or any part thereof, by virtue of open, notorious, continuous, and adverse

possession under known and visible lines and boundaries for a period of twenty years? A. "No."

3. Has the plaintiff, Ellen Walker, or those under whom she claims, been in the adverse possession of the land referred to as the P. R. Parker entry in·this case for thirty years, such possession being ascertained and identified under known and visible lines or boundaries? A. "Yes."

4. Is the land described in the entry and survey of plaintiff's contentions vacant and unappropriated? A. "No."

The charge of his Honor indicates that the second issue has not been properly transcribed and that the question really presented in that issue was whether the protestant had been in adverse possession of the land for twenty-one years under color.

His Honor charged· the jury that the burden was upon the enterer upon the third issue to satisfy the jury that the protestant had not been in the adverse possession of the land described in the entry for thirty years, and the enterer excepted.

There was a judgment in favor of the protestant, and the enterer appealed.

*H. C. Caviness* for *plaintiff.*
*Hayes & Jones, Finley & Hendren* for *defendant.*

ALLEN, J. "All vacant and unappropriated lands belonging to the State," subject to certain exceptions which are not involved in this appeal, are the subject of entry (Revisal, 1693), and it has been held that "Lands that have been once granted by the State to individual citizens,. that is, cut off from the undefined public domain and appropriated to private uses, do not become vacant within the meaning of the statute simply because the State may in some way again acquire them, and fail to put them to any special use." *S. v. Beavers,* 86 N. C., 590.

The person who claims the right to make the entry is required to file with the entry taker a writing signed by him, setting forth where the land is situate, the nearest water-courses and remarkable places that may be thereon, and the natural boundaries of any other person, if any, which divide the land entered from other lands (Revisal, 1707); and the entry taker is, among other things, required to cause a copy of the entry to be posted for thirty days at three public places in the township or townships in which the land covered by the entry is located and at the courthouse door, and also to advertise the same for thirty days in a newspaper, if there is one in the county. (Revisal, 1708.)

The purpose of this notice is to give information to the public, and any person who claims title or interest in the land covered by the entry has the right within the time provided for the publication of the notice and the advertisement, and not thereafter, to file his protest (*Garrison*

*v. Williams,* 150 N. C., 677)*, which should contain a denial that the land is vacant and unappropriated land belonging to the State, and allegations as to his claim or interest therein.

The right to protest is not given to intermeddlers, but only to those who claim title to or interest in the land (*Lumber Co. v. Clark,* 152 N. C., 546), and the protestant is therefore required to assert his title or interest.

When the protest is filed it is then the duty of the clerk of the Superior Court to issue notice to the claimant to appear at the next term of the Superior Court to show cause why his entry shall not be declared inoperative and void (Revisal, 1709), and the issue joined is then to be heard and passed upon by a jury.

The State has no interest in this issue, because "it is immaterial to which one of her citizens she grants a particular tract of land; from each she gets the same revenue from it when granted" (*O'Kelly v. Clayton,* 19 N. C., 248), and since the act of 1893, now section 1699 of the Revisal, a grant issuing for land previously granted can work no injury to the State or to any citizen, as it is expressly provided by that act that such grants are "void for all purposes" and "shall under no circumstances constitute any color of title whatsoever to any person whomsoever."

It has, therefore, been held that as the enterer has no right to enter land unless it is vacant and unappropriated land belonging to the State, that the burden is upon him to prove that the land is subject to entry, but that this burden of proof is only as against the protestant. *Walker v. Carpenter,* 144 N. C., 647; *Bowser v. Wescott,* 145 N. C., 56; *Cain v. Downing,* 161 N. C., 598.

The case of *Bowser v. Wescott, supra,* states more fully than either of the others the grounds upon which the ruling of the Court proceeds, which is, that since the act of 1885, requiring the registration of deeds, the enterer has access to the title of the protestant, and as he is asserting as against the protestant that the land is vacant and unappropriated, he should assume the burden of examining and locating the grant which the protestant claims covers the land and of proving that the land he proposes to enter is not within its boundaries.

These cases, thus understood, impose no burden upon the enterer which he ought not to assume, and if the burden is sustained and the fact is established that the grant does not cover the land, the presumption then arises, as the State has issued no grant, that the title is in the State, and nothing else appearing, the enterer is entitled to his grant; but if the protestant wishes to contest the right of the enterer further, upon the ground that the title of the State has been lost by adverse possession, he must rebut the presumption, and the burden of the evidence shifts to him to furnish evidence of adverse possession.

If the grant issues, no harm comes to the protestant if he has a just claim, as the proceeding upon the protest is not one to try title (*Lumber Co. v. Coffey,* 144 N. C., 560), and in an action to recover the land after the grant issues, he may prove that the State had lost the title by adverse possession at the time the grant issued (*Lovingood v. Burgen,* 44 N. C., 408), unless issues have been joined and a. judgment rendered, which might work an estoppel.

This presumption that title is in the State when no grant is shown is applied in contests between individual citizens for the recovery of land when the State is claiming no interest therein, and it would seem that the reason for the application of the principle would be stronger in a proceeding like this when it is shown that the State has issued no grant covering the land described in the entry, and when the protestant is claiming by adverse possession, and not because he has paid anything to the State for the land, and when the enterer proposes to pay what the State asks for it.

The case before us goes a bowshot beyond any of those heretofore considered by this Court, as it appears that although the protestant sets out in her protest by metes and bounds the two tracts of land which she claims to own, a 45-acre tract and a 50-acre tract, and says that the land is not subject to entry if within the boundaries of these two tracts, and although the jury has found that the land within the entry is not within the boundaries of the protestant's grant, she is permitted to offer evidence of adverse possession, although title by possession is not alleged in the protest as to the land proposed to be entered, and the burden is cast upon the enterer under the charge of his Honor to prove that the protestant has not been in adverse possession of the land for thirty years.

This ruling leads to the conclusion reached by his Honor, and which is embodied in his charge to the jury, that if the enterer failed to satisfy the jury that the protestant had not been in the adverse possession of the land for thirty years, they would answer the third issue "Yes," that is, if the protestant had not been in possession for thirty years the jury should find that she had been in possession for that length of time.

It was competent for the protestant to allege in her protest that the land was not vacant and unappropriated by reason of an adverse possession for thirty years, and to offer evidence in support of the allegation; but to impose the burden of proving the negative of this issue upon the enterer is in most cases to require an impossibility.

Possession and use of land is evidence of an adverse possession, but it is not adverse if not under a claim of right, and no one knows so well as the claimant whether the possession has been as of right or permissive.

Again, there is no reason why the enterer should be observant of the condition and possession of the land prior to the time of taking out his entry, and he would not be in possession of the facts as to possession,

while the protestant would have full knowledge and could give information in detail as to the extent and length of possession.

The general rule as to the burden of proof is that the burden is upon him who alleges the affirmative (*Millsaps v. McCormich,* 71 N. C., 53; *Edmonston v. Shelton,* 46 N. C., 451), and that when a fact is peculiarly within the knowledge of a party, or the evidence is more available to him, or he has better means of knowledge concerning the fact to be established than the other party, he must assume the burden of proof. *Cook v. Guirken,* 119 N. C., 17.

The protestant, when he claims by adverse possession, alleges the affirmative of the issue, in that he says there has been an adverse possession of the land for thirty years, and the evidence to sustain this allegation is peculiarly within his own knowledge, and the ruling of his Honor, therefore, contravenes the rules usually applied as to the burden of proof, and also substantially destroys the presumption that title is in the State, unless it is shown that a grant has issued.

We therefore conclude that the correct rules upon the trial of a protest to an entry are:

1. The protestant shall be required to state in his protest that he claims an interest in or title to the land covered by the entry; and if he fails to do so, his protest shall be dismissed.

2. If he claims that a grant has issued for the land covered by the entry, he shall name the grant, and describe it with as much particularity as he can.

3. When the protestant alleges that the State has issued a grant covering the entry, the burden is on the enterer to prove to the satisfaction of the jury that the grant does not cover the land described in the entry; and if he fails to do so, no grant can issue upon his entry.

4. If the enterer establishes the fact that the grant described in the protest does not cover the land described in the entry, the protestant may, if he has so alleged in his protest, and not otherwise, prove that the land in the entry is not vacant and unappropriated land by reason of adverse possession, and that the burden of so proving is upon him.

5. If the protestant does not allege in his protest that a grant has issued for the land, but that the land is vacant and unappropriated by reason of an adverse possession, the burden of proof upon this allegation is upon the protestant.

We are, therefore, of opinion that the charge of his Honor as to the burden of proof was erroneous, and a new trial is ordered.

New trial.

WALKER, J., concurs in result.