CAPE LOOKOUT LAND COMPANY, PROTESTANT, v. C. S. MAXWELL, ENTERER.

(Filed 2 October, 1918.)

### 1. State's Land—Entry—Protest—Issues—Form.

State's land is not vacant and subject to entry if it has been already granted by the State, and a protestant claiming under the prior grant need not necessarily connect his title therewith in order to defeat the junior entry; and the form of an issue is objectionable which submits the question as to whether the protestant was seized and possessed of the *locus in quo*.

### 2. Appeal and Error—Issues—Answers—Record—Interpretation—Harmless Error.

The objectionable form of an issue, answered by the jury, need not necessarily result in a new trial; and when it appears by reading the verdict, in the light of the whole record, that no prejudicial error has been committed, the verdict thereon will not be disturbed on appeal.

3. **Same — State's Lands — Entry — Protest—Grants—Title—Instructions—Trials.**

When it appears that the issue submitted is directed to the seizin and possession of the protestant claiming under a prior entry to State's lands, but that the charge of the court put the burden upon the enterer to show, by the greater weight of the evidence, that the prior grant, at the time it was originally issued, did not cover the *locus in quo* and made his right to recover depend thereon : *Held*, the case having been tried upon the correct principle, the objectionable form of the issue would not alone warrant an order for a new trial. *Walker v. Parker*, 169 N. C., 155, cited, approved, and applied.

4. **Appeal and Error — Evidence — Objections and Exceptions — Harmless Error.**

The exclusion of evidence of a grant of State's lands to the United States Government, offered by the protestant for the purpose of showing sufficient adverse possession to confer title, is immaterial, upon the trial of a protest to an entry of State's lands, when there is nothing to show that this part of the land interfered with the entry protested.

5. **Appeal and Error — Evidence — Maps—State's Lands—Entry—Protest—Harmless Error.**

When the map has been introduced in evidence upon a trial protesting an entry of State's land, testimony of a witness, upon information, as to a beginning corner, is immaterial, if objectionable, when from the map this corner is self-evident, and the evidence could not have had any appreciable effect on the trial.

APPEAL by protestant from *Calvert, J.,* at June Term, 1918, of CARTERET.

This is a protest to an entry, the protestant claiming that the land entered is not vacant and unappropriated land, because—

1. It is covered by a grant issued by the State to John Fulford.

2. If the land entered is not covered by the grant, the title to it is in the protestant by the law of accretion.

3. If the land is not covered by the grant, the title to it is in the protestant by adverse possession.

The exceptions relate to evidence and to parts of the charge, which will be adverted to in the opinion.

The jury returned the following verdict:

1. Is the protestant, Cape Lookout Land Company, seized and possessed of the Cape Lookout lands, round the present location of Cape Lookout Point, as marked on the map, up to and including the parts marked as Divine Cove and Wreck Point? Answer: No.

2. Is the land described in the entry and survey of Maxwell's entry vacant and unappropriated? Answer: Yes.

The protestant excepted to the issues submitted to the jury, and tendered other issues.

There was a judgment in favor of the enterer, and the protestant appealed.

*Julius F. Duncan for protestant.*
*Graham W. Duncan and R. E. Whitehurst for enterer.*

ALLEN, J.   We do not approve the form of the issue submitted to the jury because, under the first issue, the fact in dispute is whether the land company is seized of the land in controversy, when in a proceeding like this to protest an entry the enterer must fail unless he shows that the grant relied on by the protestant does not cover his entry; and if it appears that the entry is within the grant, the land is not vacant and unappropriated and subject to entry, although the protestant does not connect himself with the grant.   In other words, the issue, separated from the charge, would lead to the conclusion that the grant could not be used to defeat the entry unless the protestant connected himself with it, when on the contrary the land is not vacant and subject to entry if it has been already granted by the State without regard to who has acquired title under the grant.   This would be sufficient to justify ordering a new trial if we were not required to look at the whole record and to read the verdict with reference to the trial (*Taylor v. Stewart,* 175 N. C., 200) ; and when we do so we find no reversible error.

His Honor charged the jury that the first question presented under the issue was whether the Fulford grant covered the entry, and that "the burden is upon Maxwell, the enterer, to satisfy you from the evidence and by its greater weight that the Fulford grant at the time it was originally issued did not cover the whole of that land around point 2 and up to and including Divine Cove."   He then explained fully and accurately the law of accretion and adverse possession and placed the burden of proof on the protestant of establishing title in these ways, and concluded by instructing the jury that if the entry was within the grant, or if the protestant had acquired title by accretion or adverse possession, to answer the issue "Yes."

These instructions are in accord with the rules established for the trial of a protest to an entry which are summarized in *Walker v. Parker,* 169 N. C., 155, as follows:

"1. The protestant shall be required to state in his protest that he claims an interest in or title to the land covered by the entry, and if he fails to do so his protest shall be dismissed.

"2. If he claims that a grant has been issued for the land covered by the entry he shall name the grant and describe it with as much particularity as he can.

"3. When the protestant alleges that the State has issued a grant

covering the entry, the burden is on the enterer to prove to the satis-
faction of the jury that the grant does not cover the land described in
the entry, and if he fails to do so no grant can issue upon his entry.

"4. If the enterer establishes the fact that the grant described in the
protest does not cover the land described in the entry, the protestant
may, if he has so alleged in his protest, and not otherwise, prove that
the land in the entry is not vacant and unappropriated land by reason
of adverse possession, and that the burden of so proving is upon him.

"5. If the protestant does not allege in his protest that a grant has
issued for the land, but that the land is vacant and unappropriated by
reason of an adverse possession, the burden of proof upon this allega-
tion is upon the protestant."

. This disposes of the principle grounds of complaint by the protestant,
which are that his Honor did not place the burden of proof on the
enterer to show that the grant did not cover the entry, and that he
applied the rules governing the trial of actions to recover land to the
present proceeding.

There are two exceptions to evidence which, as we understand the
record, are without merit. The first is as to the exclusion of evidence
offered by the protestant to prove that a part of the land in the Fulford
grant had been sold to the United States Government, and that it had
been held adversely long enough to confer title, but there is nothing to
show that this part of the land interfered with the entry, and the evi-
dence was therefore immaterial. The second is to alleging a witness to
state that if the beginning corner of the grant and information that
had been given to him was correct, that Lookout Point was at 3 on the
map, which on the conditions assumed was self-evident, and in any
event the evidence could not have had any appreciable effect on the
trial.

We have carefully examined the record and find no reason for dis-
turbing the verdict.