MERIDEN NATIONAL BANK v. M. H. TURNER AND WIFE, FANNIE H. TURNER.

(Filed 24 May, 1939.)

**Pledges § 3—Where sale of securities at less than their face value is established, burden is on pledgee to show due diligence.**

> Plaintiff instituted this action to recover balance due on a note secured by a deed of trust and to foreclose the instrument. Defendants contended that they had deposited with plaintiff securities worth more than the amount of the mortgage debt, and plaintiff admitted the receipt of the securities and that it had sold same at private sale for less than face value and for less than defendants' mortgage notes. *Held:* While ordinarily the burden is upon the debtor to prove the affirmative defense of payment in whole or in part, where a pledgee admits the sale of the securities at private sale at a substantial loss, the burden is upon the pledgee to show reasonable diligence and good faith in the sale of the securities and the proper application of the proceeds, and an instruction that the burden was upon the pledgor to show that the pledgee failed to exercise reasonable diligence and good faith, is error.

APPEAL by defendants from *Bivens, J.,* at September Term, 1938, of MOORE. New trial.

The plaintiff instituted this action to recover the balance due on two certain notes executed by defendants and to foreclose a deed of trust on real property given to secure the same. The defendants admitted execution of the notes and deed of trust, and alleged further that they deposited with plaintiff a large amount of stocks and bonds as collateral security therefor, together with deed and deed of trust conveying certain real property in Meriden, Connecticut; that the value of said property was largely in excess of any indebtedness due plaintiff, and that plaintiff has disposed of all of said property and has failed to account for the personal property so placed in its hands, or for the proceeds of sales of defendants' real and personal property which should have more than discharged defendants' debt.

Upon the trial, issues were submitted to the jury to determine (1) the amount of the indebtedness of defendants on the notes sued on, and (2) whether in making disposition and sale of defendants' property the plaintiff exercised reasonable diligence and good faith with respect thereto. The jury answered both issues in favor of the plaintiff, and from judgment on the verdict, defendants appealed.

*Seawell & Seawell for plaintiff.*
*Johnson & McLeur, J. C. B. Ehringhaus, and Charles Aycock Poe for defendants.*

DEVIN, J.  Appellants' principal assignment of error relates to the judge's charge to the jury on the second issue with respect to the burden of proof.  The trial judge charged the jury upon that issue that the burden of proof was upon the defendants to satisfy the jury by the greater weight of the testimony that the plaintiff bank did not exercise reasonable diligence and good faith in the disposition of the described property.  In this we think there was error entitling the defendants to a new trial.

The plaintiff having admitted the receipt of the property as collateral security for the defendants' notes, it occupied a fiduciary relationship in connection therewith, and when it was testified by the president of plaintiff bank that all of this property, real and personal, had been disposed of at private sale for much less than its face value and for less than defendants' notes, the duty was imposed upon the plaintiff to show that it acted with reasonable diligence and good faith in the disposition of said property and in the application of the proceeds to the discharge of defendants' notes.  *Cook v. Guirkin,* 119 N. C., 13, 25 S. E., 715; 49 C. J., 992.

Ordinarily, when a defendant sets up an affirmative defense or pleads payment in whole or in part, the onus of establishing such affirmative defense rests upon the defendant.  *Wilson v. Casualty Co.,* 210 N. C., 585, 188 S. E., 102; *Davis v. Dockery,* 209 N. C., 272, 183 S. E., 396.  But where a debtor deposits property with a creditor as security for a debt, to be applied to the discharge of the obligation, and subsequently that property is disposed of by the creditor at private sale and at a substantial loss, and these facts are admitted or established by proof in a suit by the creditor upon the debt, the law casts upon the pledgee the burden of showing reasonable diligence and good faith in the disposition of the property and the proper application of the proceeds.  The reasonableness of this rule finds additional support where the essential facts are within the peculiar knowledge of the creditor.  *Cook v. Guirkin, supra; Meredith v. R. R.,* 137 N. C., 478, 50 S. E., 1; *Walker v. Parker,* 169 N. C., 150, 85 S. E., 306; *Hunt v. Eure,* 189 N. C., 482 (490), 129 S. E., 593.

In *Bank v. Knox,* 187 N. C., 565, 122 S. E., 304, where a draft was placed in the hands of a bank by a debtor, the proceeds of the draft to be applied as a credit on the debtor's note to the bank, it was said: "The burden was on the bank to show due diligence and care, that is such diligence and care as a man of ordinary prudence would exercise in the same or similar circumstances in collecting and enforcing the aforesaid draft."

In *Bright v. Hood, Commissioner of Banks,* 214 N. C., 410, it was held that where bonds were placed with a bank as a special deposit, a

duty was imposed upon the bank with respect thereto, and where there was failure to return the bonds the burden was on the bank to account for them. This court said: "The court below charged that under the circumstances mentioned the burden of proof as to this phase of the case rested on the defendant in this action. We can see no error in this." 119 A. L. R., 820.

As the case goes back for a new trial, we deem it unnecessary to discuss other matters debated in the briefs and on the argument.

New trial.