### THE STATE v. A. V. EMERY.

*Evidence—Burden of Proof—License—Retailing.*

Upon the trial of an indictment for retailing liquors without a license, the burden is upon the defendant to show a license.

(*State* v. *Morrison*, 3 Dev., 299; *State* v. *Evans*, 5 Jones, 250, and *State* v. *Wilbourne*, 87 N. C., 529, cited).

This was an INDICTMENT, tried before *Shepherd, Judge,* at the March Term, 1887, of WAKE Superior Court.

There were three counts in the indictment, to the first two of which a *nol. pros.* was entered, and the defendant was tried upon the third only, which charged: "That the said A V. Emery, on the day and year last aforesaid, at and in the county aforesaid, wilfully and unlawfully did sell and retail unto Lafayette Nash spirituous liquor, by a measure and quantity less than a quart, to-wit, by the pint, he, the said A. V. Emery, not then and there having a license to sell and retail spirituous liquors," &c.

The only evidence was that of Lafayette Nash, who testified "that on Monday, a week ago, he bought a cup of corn whisky, less than a quart, of the defendant in the city of

Raleigh, Wake County, and that he paid him fifteen cents for it."

The defendant asked the Court to instruct the jury that there was no evidence to show that he had sold the whisky without a license. The Court declined to give the instruction, and the defendant excepted.

The Court, among other things, charged the jury that if they were fully satisfied that the defendant sold the whisky, as stated by the State's witness, and that the defendant had no license to sell, he was guilty under the third count; and if defendant relied upon a license to sell, it was his duty to produce it.

The defendant excepted to that part of the charge that related to the production of the license.

There was a verdict of guilty, and the defendant moved for a new trial:

1. Because of refusal to give the instruction asked for.

2. Because the Court erred in instructing the jury as to the duty of the defendant to produce the license.

Motion overruled and defendant excepted.

The defendant then moved in arrest of judgment upon the third count, for that it did not charge any indictable offence in Raleigh township.

Motion overruled, and defendant excepted. Judgment and appeal.

*The Attorney General,* for the State.

*Mr. J. C. L. Harris,* for the defendant.

DAVIS, J., (after stating the case). We can see no error in refusing the instruction asked for, nor can we see any error in the charge given by his Honor. The production of the license, if there was one, was a question of evidence. The defendant says, "the State must show that there was no license, because it alleged, and it was necessary for it to *allege,*

that he had none." The contrary has been adjudged and
settled by authority and conclusive reasoning. The license,
if it exist at all, must be in the possession of the defendant,
and ever since the case of the *State* v. *Morrison,* 3 Dev. Law,
299—more than fifty years—it has been regarded as settled
in this State that *proof* of the existence of a license to retail
must come from the defendant. The clear and satisfactory
reasoning of Judge RUFFIN in the opinion in that case, by
which it was made an exception to the general rule that "he
who alleges must prove," has been accepted by the Courts,
but counsel for the defendant now asks us to overrule that
decision, upon the assumption that there was a necessity for
it when the *State* v. *Morrison* was tried, which no longer
exists, because of the fact that license issued now is a matter
of record. So it was when the decision referred to was
made, and it has since been recognized in *State* v. *Evans,* 5
Jones, 250, and in *State* v. *Wilbourne,* 87 N. C., 529, cited by
counsel for defendant, though in the latter case RUFFIN,
Judge, says it should be limited as a precedent "strictly to
the facts of the case." It can never work a wrong or injury
to the accused, and we can see no reason for reversing it now.

This disposes of the exception to his Honor's charge.

We are unable to see from the record upon what ground
the motion in arrest of judgment is based, and it was not
pressed in this Court. The charge is for retailing unlaw-
fully and without license in the county of Wake, and the
evidence sustains the charge. If there is an exception in
regard to Raleigh township it has not been made to appear
to us.

There is no error.