### G. J. CHERRY ET AL. v. IDA B. HODGES ET AL.

(Filed 5 March, 1924.)

**Instructions—Appeal and Error.**

Exceptions to a disconnected portion of a charge will not be held for error; when taken in connection with other parts of the charge it correctly applies the law to the evidence upon the trial.

APPEAL by plaintiffs from *Connor, J.,* at October Term, 1923, of WASHINGTON.

Civil action to recover damages for an alleged wrongful trespass and for restraining order to prevent further trespassing in the future.

Upon denial of liability and issues joined, there was a verdict and judgment for the defendants, from which the plaintiffs appeal, assigning errors.

*Van B. Martin and Aydlett & Simpson for plaintiffs.*
*W. L. Whitley for defendants.*

PER CURIAM. The controversy, on trial, narrowed itself principally to questions of fact, which the jury alone could determine. A careful perusal of the record leaves us with the impression that the case has been tried substantially in conformity to the law bearing on the subject, and no sufficient reason has been found for disturbing the result below.

Appellants' chief exceptions relate to the admission and exclusion of evidence and to portions of the charge. We have found no ruling or action on the part of the trial court which we apprehend should be held for reversible error.

It is now settled law that the charge of the court must be considered and examined by us, not disconnectedly, but as a whole, or at least the whole of what was said regarding any special phase of the case or the law. The losing party will not be permitted to select detached portions of the charge, even if in themselves subject to criticism, and assign errors as to them, when, if considered with other portions, they are readily explained and the charge in its entirety appears to be correct. Each portion of the charge must be considered with reference to what precedes and follows it. In other words, it must be taken in its setting. The charge should be viewed contextually and not disjointedly. Any other rule would be unjust, both to the trial judge and to the parties.

The verdict and judgment must be upheld.

No error.