TOBACCO GROWERS CO-OPERATIVE ASSOCIATION v. W. B. MOSS.

(Filed 19 March, 1924.)

**1. Contracts, Written—Parol Evidence—Conditions Precedent.**

While parol evidence is not permissible to correct, modify, or change the written expressions of a contract, it may thus be shown that the contract depended for its validity upon a condition precedent that had been agreed upon, and that the failure of performance of this condition rendered the contract itself invalid.

**2. Same—Co-operative Marketing Associations—Statutes.**

Where a member of a coöperative marketing association, formed under the statute, resists the performance of marketing his tobacco with the association under the usual and written contract, he may show by parol that he had never been a member thereof or obligated by the contract sued on, for the failure of the association to obtain a certain membership within the territory.

**3. Instructions—Burden of Proof—Conflicting Instructions—Appeal and Error.**

Where the judge, in his charge to the jury, properly places the burden of proof on the defendant, and thereafter improperly places it on the plaintiff, it is reversible error in leaving the jury to determine which portion of the charge was the correct one.

APPEAL by plaintiff from *Allen, J.*, at November Special Term, 1923, of WAKE.　•

Civil action to recover damages for an alleged breach of contract.

Upon denial of liability, and issue joined, there was a verdict and judgment for the defendant. Plaintiff appeals, assigning errors.

*Burgess & Joyner for plaintiff.*

*Aaron Sapiro, Elystus L. Hayes, and Theodore E. Bowen of counsel for plaintiff.*

*Chas. U. Harris and Jas. S. Griffin for defendant.*

STACY, J. The controversy, on trial, narrowed itself to the single question as to whether the defendant was a member of the plaintiff association, it being alleged and denied that he had executed the standard marketing agreement and thereby bound himself to deliver to the plaintiff all tobacco produced by him during the years from 1922 to 1926, both inclusive. Defendant admitted signing the agreement, but contended that this was done on condition, and that the contract was not to take effect except upon a contingency which never happened.

The general rule is that no verbal agreement between the parties to a written contract, made before or at the time of the execution of such contract, is admissible to vary its terms or to contradict its provisions.

*Overall Co. v. Hollister Co.,* 186 N. C., 208. But it is equally well established "that although a written instrument purporting to be a definite contract has been signed and delivered, it may be shown by parol evidence that such delivery was on condition that the same was not to be operative as a contract until the happening of some contingent event, and this on the idea not that a written contract could be contradicted or varied by parol, but until the specified event occurred the instrument did not become a binding agreement between the parties." *Bowser v. Tarry,* 156 N. C., p. 38. See, also, *Building Co. v. Sanders,* 185 N. C., 328, and cases there cited.

With respect to proving the alleged condition precedent, prior to the happening of which it was agreed the contract should not become effective or operative, his Honor in the beginning of his charge properly placed the burden of proof on the defendant—he having admitted sign ing the instrument—but in a subsequent portion of the charge, the burden of disproving this alleged collateral agreement was erroneously placed on the plaintiff. 13 C. J., 759; *S. v. Regent Laundry Co.* (Mo.), 190 S. W., 951; *Muehlebach v. Missouri Railway Co.* (Mo.), 148 S. W., 453; *Dillon v. Anderson,* 43 N. Y., 231; Appeal of *Kenney* (Pa.), 12 Atl., 589.

It is well settled that where there are conflicting instructions with respect to a material matter, a new trial must be granted, as the jury are not supposed to know which one of the two states the law correctly, and we cannot say they did not follow the erroneous instruction. *S. v. Falkner,* 182 N. C., p. 799, and cases there cited.

For the error, as indicated, there must be a new trial, and it is so ordered.

New trial.