D. C. SPEAS ET UX. v. THE MERCHANTS BANK & TRUST COMPANY OF WINSTON-SALEM, NORTH CAROLINA.

(Filed 5 November, 1924.)

**1. Usury—Banks and Banking—Principal and Agent.**

Our statute on the subject of usury permits only one recovery, and that against the party receiving it; and where one bank acting as agent for another collects such charges only as such agent, receiving no benefits to the knowledge of the plaintiff, the collecting bank is not liable for such charges, but only the bank for which it was thus acting.

**2. Same—Burden of Proof.**

Upon the trial of an action to recover for usury the burden of proof is on the plaintiff throughout the trial to establish his cause of action, and while the defendant may not be required to sustain its defense to introduce evidence in its own behalf, it thereby takes the chances of an unfavorable verdict and its evidence is not required to convince the jury by its preponderance. This principle upon which the doctrine of the burden of proof rests in both civil and criminal cases, discussed by STACY, J.

**3. Instructions—Appeal and Error.**

The charge of the court will not be held for reversible error because of apparent error in its disjointed parts taken unconnectedly, if construed contextually as a whole it correctly instructs the jury upon the principles of law arising from the evidence in the case.

APPEAL by defendant from *Lane, J.,* at March Term, 1924, of FORSYTH.

Civil action to recover of defendant the penalties allowed by statute for knowingly charging and receiving a greater rate of interest than 6 per cent per annum on moneys alleged to have been loaned to the plaintiff by the defendant.

The case was originally tried in the Forsyth County Court and resulted in a verdict and judgment for the defendant. On appeal to the Superior Court, error was found in the charge, relating to the law of usury and the burden of proof, and the cause was thereupon remanded to the county court for another hearing. From this judgment and order of the Superior Court, the defendant appeals, contending that the case was correctly tried in the county court, and that therefore the judgment as originally entered should be affirmed.

*Brown, Porter & Bennett for plaintiffs.*
*J. E. Alexander and L. M. Butler for defendant.*

STACY, J. It was contended by the defendant that in making the loan, upon which plaintiff alleges he paid a greater rate of interest than 6 per cent per annum, it, the defendant bank, was acting as special agent for the Bank of Stem or as agent for both lender and borrower and that this fact was known to the plaintiff at the time the loan was negotiated and also at the time the alleged usurious interest was paid. The trial court instructed the jury that the plaintiff could not recover of the present defendant if the alleged usurious interest were charged and collected by it for the use of another, and not for its own benefit, and such was known to the plaintiff at the time the loan was negotiated and at the time the alleged usurious interest was paid. This instruction was held to be erroneous by the Superior Court, but we are unable to perceive any essential error in it. 39 Cyc., 1090. Clearly the principal would be liable who profited by the transaction, and there is no provision for holding the agent liable and the principal also. This would be to create a double liability in such a case; whereas, the statute imposes only one. *Brown v. Johnson,* 43 Utah, 1; Ann. Cas., 1916 C, 321, and note; 27 R. C. L., 238, *et seq.*

We are cited by plaintiff's counsel to several authorities which seem to hold or to intimate a contrary view of the law, but these cases were rendered under statutes making it a misdemeanor to receive or to charge a greater rate of interest than that allowed by law, and this upon the principle that in misdemeanors, all concerned and participating are principals in the crime. It is not necessary for us to take issue with these decisions, as they are doubtless correct, but our statute does not

go so far; it provides that the exaction of usury, knowingly made, shall destroy the interest-bearing quality of a note or other evidence of debt affected with usury, and authorizes the debtor to recover a penalty of twice the amount of usurious interest paid, and no more. *Waters v. Garris, ante,* 305; *Miller v. Dunn, ante,* 397.

We think the exception to the charge as it relates to the burden of proof, should not have been sustained, but should have been overruled on the principle that the court's charge is to be construed contextually, as a whole, and not disjointedly. *Cherry v. Hodges,* 187 N. C., 368. "It is to be considered as a whole in the same connected way in which it was given, and upon the presumption that the jury did not overlook any portion of it. If, when so construed, it presents the law fairly and correctly to the jury, it will afford no ground for reversing the judgment, though some of the expressions, when standing alone, might be regarded as erroneous." *S. v. Exum,* 138 N. C., 599.

The trial court placed the burden of the issue upon the plaintiff and charged the jury in language almost identical with that of *Justice Walker* in the case of *Winslow v. Hardwood Co.,* 147 N. C., 275, where, quoting from Elliott on Evidence, the rule is stated as follows: "The burden of the issue—that is, the burden of proof in the sense of ultimately proving or establishing the issue or case of the party upon whom such burden rests, as distinguished from the burden or duty of going forward and producing evidence—never shifts, but the burden or duty of proceeding or going forward often does shift from one party to the other, and sometimes back again. Thus, when the actor has gone forward and made a prima facie case, the other party is compelled in turn to go forward or lose his case, and in this sense the burden shifts to him. So the burden of going forward may, as to some particular matter, shift again to the first party in response to the call of a prima facie case or presumption in favor of the second party. But the party who has not the burden of the issue is not bound to disprove the actor's case by a preponderance of the evidence, for the actor must fail if upon the whole evidence he does not have a preponderance, no matter whether it is because the weight of evidence is with the other party or because the scales are equally balanced."

In view of the number of recent cases which have come to this Court presenting the questions, it may be useful to say a word in regard to the burden of proof, the degree of proof required in some cases, the duty and extent of going forward with evidence, and when this duty or requirement shifts from one party to the other. The distinctions which separate these several propositions, one from another, are now very generally recognized and accepted, though they are sometimes blurred by careless speech, and not infrequently by inaccurate expressions.

In criminal prosecutions, where the defendant or prisoner pleads "not guilty" to the charge contained in the warrant or bill of indictment to which he is required to answer, such plea draws about him the common-law presumption of innocence. He enters upon the trial with this presumption in his favor. His plea of traverse casts upon the State the burden of establishing his guilt, not merely by a preponderance of the evidence, but to a moral certainty or beyond a reasonable doubt. *S. v. Singleton,* 183 N. C., 738.

In the absence of some admission or evidence establishing an opposite presumption, sufficient to overcome the presumption of innocence, the most that can be required of a defendant in a criminal prosecution, under our system of jurisprudence, is explanation, not exculpation. The defendant is not required to show his innocence. The State must prove his guilt beyond a reasonable doubt, and the burden of this ultimate issue never shifts. The laboring oar on the question of guilt is constantly with the prosecution. *S. v. Wilbourne,* 87 N. C., 529; *S. v. Falkner,* 182 N. C., 793.

True, it is sometimes said that the duty of producing evidence rests upon the party best able to sustain it, because of facts and circumstances peculiarly within his knowledge. Thus it was held in *Farrell v. State,* 32 Ala., 557, that the existence of a license being a fact peculiarly within the knowledge of the party accused, it was incumbent upon him to show the license, even though the nonexistence thereof was the gravamen of the offense charged. To like effect, and for the same reason, are our own decisions: *S. v. Morrison,* 14 N. C., 299; *S. v. Smith,* 117 N. C., 809; *S. v. Emery,* 98 N. C., 670; *S. v. Glenn,* 118 N. C., 1194; *S. v. Holmes,* 120 N. C., 576.

Speaking to this matter in *Shepard v. Tel. Co.,* 143 N. C., 244, it was said: "In criminal cases, when a homicide with a deadly weapon is proved or admitted, there is a presumption of law that the killing is murder, and the burden is on the prisoner to prove all matters in mitigation or excuse to the satisfaction of the jury, *S. v. Matthews,* 142 N. C., 621; and when a totally independent defense is set up, as insanity, which is really another issue, *S. v. Haywood,* 94 N. C., 847, the burden of that issue is on the prisoner. But the burden of the issue as to the guilt of the prisoner, except where the law raises a presumption of law as distinguished from a presumption of fact, remains on the State throughout, and when evidence is offered to rebut the presumption of fact raised by the evidence, the burden is still on the State to satisfy the jury of the guilt of the prisoner upon the whole evidence. Notably, when the prisoner offers proof of an *alibi,* for example, which goes to the proof of the act. *S. v. Josey,* 64 N. C., 56."

SPEAS *v.* BANK.

It is sufficient, in criminal prosecutions, to warrant an acquittal, where the defendant simply enters a denial to the charge, that the jury, upon the whole evidence, should entertain a reasonable doubt as to the defendant's guilt; for in such cases the burden is always on the State to establish his guilt beyond a reasonable doubt. *S. v. Schoolfield,* 184 N. C., 721. So where the State makes out a prima facie case and rests, the defendant is not required to offer evidence in reply; he may rely upon the weakness of the State's case, though he takes the chance of an adverse verdict in going before the jury on the State's prima facie case, without offering any evidence in explanation or reply. *S. v. Wilkerson,* 164 N. C., 431.

But where the prisoner sets up an independent defense, or enters a plea of confession and avoidance, he is required, in this jurisdiction, to show such matters in defense or mitigation, not beyond a reasonable doubt, but to the satisfaction of the jury. *S. v. Benson,* 183 N. C., 795; *S. v. Willis,* 63 N. C., 26.

The result of all the decisions on the subject seems to be that in criminal cases, where the burden rests with the prosecution, the State must establish the defendant's guilt beyond a reasonable doubt; and in those cases where the burden rests with the defendant, under a plea of confession and avoidance or independent defense, the degree of proof required of him is to establish the matters relied upon as a defense to the satisfaction of the jury. *S. v. Terry,* 173 N. C., p. 766; *S. v. Hancock,* 151 N. C., 699; *S. v. Clark,* 134 N. C., 706; *S. v. Barrett,* 132 N. C., 1005. "Reasonable doubt, in the humanity of our law, is exercised for the prisoner's sake, that he may be acquitted if his case will allow it, but it is never applied for his condemnation." *S. v. Starling,* 51 N. C., 366.

In civil actions, the rules relating to the *quantum* of proof are somewhat different from those applicable in criminal prosecutions. The intensity of proof "beyond a reasonable doubt" is seldom, if ever, required in civil cases; and even the formula "to the satisfaction of the jury" is used only in rare instances. *Land Co. v. Floyd,* 171 N. C., 543. Ordinarily, in civil matters, the burden of proof is carried by a preponderance of the evidence, or by its greater weight, though in some cases, as where, for example, it is proposed to correct a mistake in a deed or other writing, to restore a lost deed, to convert a deed absolute on its face into a mortgage, to engraft a parol trust upon a legal estate, to impeach the probate of a married woman's deed, to establish a special or local custom, and generally to obtain relief against the apparent force and effect of a written instrument upon the ground of mutual mistake, or other similar cause, the evidence must be clear,

strong and convincing. *Montgomery v. Lewis,* 187 N. C., 577; *Lamb v. Perry,* 169 N. C., 436; *Penland v. Ingle,* 138 N. C., 456.

Generally speaking, the burden of proof, as distinguished from the duty of going forward with evidence (which latter phrase is sometimes inaptly called burden of the evidence) is upon the party asserting the affirmative of an issue, using the term issue in its larger sense and including therein any negative proposition which the actor must show. *S. v. Connor,* 142 N. C., 700; 22 C. J., 67. This, of course, is not at variance with the well-established rule of evidence that where the subject matter of a negative averment lies peculiarly within the knowledge of the opposite party, the averment is taken as true unless disproved by that party. *Hosiery Co. v. Express Co.,* 184 N. C., 478; *Lloyd v. Poythress,* 185 N. C., 180; *Bradshaw v. Lumber Co.,* 172 N. C., p. 222; *Beck v. Wilkins,* 179 N. C., 231; *Tillotson v. Currin,* 176 N. C., 479; *Ange v. Woodmen of World,* 173 N. C., 33. The party alleging a material fact, necessary to be proved and which is denied, must establish it by a preponderance of the evidence, or by the greater weight of the evidence. Having alleged the truth of a matter in issue, he becomes the actor as to such matter, and necessarily has the burden of proving it. The party denying his allegations cannot have this burden at any time during the trial, for this would be to place the burden of the issue on both parties at the same time. *Tobacco Growers Asso. v. Moss,* 187 N. C., 421; *Leonard v. Rosenthal,* 123 Wis., 442.

The burden of the issue and the duty of going forward with evidence are two very different things. The former remains on the party affirming a fact in support of his case, and does not change at any time throughout the trial. The latter may shift from side to side as the case progresses, according to the nature and strength of the proofs offered in support or denial of the main fact to be established. *Bridge Corp. v. Butler,* 2 Gray, 130. The burden of proof continues to rest upon the party who, either as plaintiff or as defendant, affirmatively alleges facts necessary to enable him to prevail in the cause. It is required of him who thus asserts such facts to establish them before he can become entitled to a verdict in his favor; and, as to these matters, he constantly has the burden of the issue, whatever may be the intervening effect of different kinds of evidence or evidence possessing under the law varying degrees of probative force. *Smith v. Hill,* 232 Mass., 188.

A prima facie case, or prima facie evidence, does not change the burden of proof. It only stands until its weight is met by evidence to the contrary. The opposing party, however, is not required as a matter of law to offer evidence in reply. He only takes the risk of an adverse verdict if he fail to do so. *White v. Hines,* 182 N. C., 275. The case

is carried to the jury on a prima facie showing and it is for them to say whether or not the crucial and necessary facts have been established. *Cox v. R. R.,* 149 N. C., 117. Hence, when such prima facie case is made out, the duty of going forward with evidence in reply, if the opposing party would not hazard the chance of an adverse verdict, is shifted or rather cast upon the opposite side. *Winslow v. Hardwood Co.,* 147 N. C., 275. But according to the best-considered authorities, a prima facie case so made out, need not be overcome by a preponderance of the evidence, or by evidence of greater weight, but the evidence needs only to be balanced, put in equipoise, by some evidence worthy of credence; and if this be done, the burden of the evidence has been met and the duty of producing further evidence shifts back to the party having the burden of proof, who, if he would win, must not only begin by making out his case, but he must also end by keeping it good. *Bank v. Ford,* 216 Pac. (Wyo.), 691. He is required to begin by taking up and carrying the burden of proof, and to win, he must end with it carried. If upon all the evidence the case is left in equipoise, the party upon whom rests the burden of the issue must fail in his suit. *McDowell v. R. R.,* 186 N. C., 571. He who has the burden of proof, properly speaking, must establish the existence of the facts alleged by evidence at least sufficient to destroy the equilibrium thus produced and overcome the weight of the evidence offered by the other side.

Speaking to the subject in *Brock v. Ins. Co.,* 156 N. C., 112, *Walker, J.,* said: "The prima facie case is only evidence, stronger, to be sure, than ordinary proof, and the party against whom it is raised by the law is not bound to overthrow it and prove the contrary by the greater weight of evidence, but if he fails to introduce proof to overcome it, he merely takes the chance of an adverse verdict, and this is practically the full force and effect given by the law to this prima facie case. He is entitled to go to the jury upon it and to combat it, as being insufficient proof of the ultimate fact under the circumstances of the case, but he takes the risk in so doing, instead of introducing evidence."

The burden of the evidence, or the duty of going forward with evidence, strictly speaking, means no more than the meeting of a prima facie case or rebutting a presumption, by evidence of equal weight rather than by a preponderance of the evidence. It is sufficient if such evidence balance the scales and put the case in equipoise.

Ordinarily, the burden of proof is on the plaintiff, for he usually has the burden of the issue. Especially is this so where the defendant simply traverses the allegations of the complaint under a general denial, or where he undertakes to establish facts and circumstances, not by way of confession and avoidance, but in denial of the allegations upon which

plaintiff seeks to recover. Chamberlayne Ev., secs. 944 and 947. But in many cases the burden of proof is on the defendant, either as to the whole case, or on some of the issues properly joined. He has the burden of establishing all affirmative defenses, whether they relate to the whole case or only to certain issues in the case. As to such defenses, he is the actor, and hence he must establish his allegations in such matters by the same degree of proof as would be required if he were plaintiff in an independent action. This is not a shifting of the burden of proof; it simply means that each party must establish his own case. *Austin v. R. R.,* 187 N. C., 7; *Page v. Mfg. Co.,* 180 N. C., 330; *Shepard v. Tel. Co.,* 143 N. C., 244.

In passing, it may be well to observe that care should be exercised, and discrimination employed, in determining whether a defense be an independent and affirmative one or only in the nature of matters pleaded in bar under a general denial. *Cook v. Guirkin,* 119 N. C., 13; *Bank v. Andrews,* 179 N. C., 341. "Simply relying on a defense affirmative in form which, in reality, merely traverses the affirmative case of the actor does not necessarily shift the burden of proof." Chamberlayne Ev., sec. 947.

It is said in Wigmore on Evidence (2d ed.) sec. 2488, that as to who has the burden of proof "depends ultimately on broad considerations of policy." This, no doubt, is true, and it may be applied with equal propriety in undertaking to determine what is and what is not an affirmative defense. There seems to be no invariable test by which the question may be decided. At times it may be determined by the pleadings, and at others by presumptions arising from the evidence adduced on the hearing or from admissions made during the trial.

"The argument against the free application of the idea that under certain circumstances the defendant should be called upon to produce evidence rests in its final analysis upon the theory that, since the plaintiff makes a charge, he must prove it. But this general rule is not now, and never has been, carried to the extreme limit of its logic. Many defenses are treated as matters in confession and avoidance; and, when they are pleaded, the burden is put upon the defendant in both senses. He has the duty to go forward and produce evidence, and also the risk of nonpersuasion. If he is sued upon a promissory note, he must seasonably deny his signature, or his nonaction is taken as his admission of the signature. The logic of the general principle that the plaintiff should have the duty to go forward and the risk of nonpersuasion has always been modified by the application of what was at the time deemed to be the common sense of the situation. It may be that many of the cases have gone too far in this respect. It is undoubtedly true that the

authorities are not harmonious; yet the essential soundness of the principle which they have sought to apply cannot be doubted." *Peaslee, J.,* in *Spilene v. Mfg. Co.,* 79 N. H., 326.

On the record as presented, we have been unable to find any prejudicial or reversible error in the trial; hence, the judgment of the Superior Court, ordering another hearing, will be reversed and the judgment of the county court will be affirmed.

Reversed.