The contest is upon a $2,000 note, executed by defendants to plaintiff on 20 July, 1920, payable "sixty days from date."
The defendants, Eure and Wheeler, admitted the execution of the note, but defended on the ground that it was an accommodation paper.
This case was considered by this Court on a former appeal, and is reported in 188 N.C. p. 716.
In the former opinion in this case it was held that the note sued on was nonnegotiable, and, therefore, under the former rulings in this State (Stronach v. Bledsoe, 85 N.C. 473, 476; Carrington v. Allen, 87 N.C. 354), "A consideration is not presumed and must be both averred and proved. In such case the burden of proving a consideration is on the plaintiff."
It is also held that the recital of value in the note itself makes out a prima facie case when the execution and delivery are shown; and if the defendant then offers evidence tending to establish a failure of consideration, the burden remains with the plaintiff to satisfy the jury by the greater weight of all the evidence that the contract is supported by a valuable consideration. *Page 484 
After charging the jury as to the prima facie case made out by plaintiff, the trial court said to the jury: "And the burden of proof, not the burden of the issue, shifts to the defendants. The term `prima facie' means that which suffices for the proof of a particular fact until contradicted or overcome by evidence. If the plaintiff then makes out a prima facie case and the burden of proof shifts to the defendants, then the defendants, in order to defeat a recovery by the plaintiff, must show to the satisfaction of the jury, and not by the greater weight of the evidence, that said note was given as an accommodation to the plaintiff, and was without valuable consideration; and if such facts are shown to the satisfaction of the jury, the plaintiff would not be entitled to recover." This charge is assailed in defendants' exceptions.
The issue submitted was in the usual form in debt.
The terms, "the burden of the issue," and "the burden of proof," and "the duty to go forward with the evidence," have given much perplexity to both the trial and appellate courts. The definition of the office of these terms, and their application to concrete cases, have been "often blurred by careless speech." (Hill v. Smith, 260 U.S. 592.)
In the former decision this Court said: "The defendant, when sued on a nonnegotiable paper, is not required, under our decisions, to rebut theprima facie proof of value by the greater weight of the evidence." Nonconstat, that he should be required to assume the "burden of proof" to show to the "satisfaction" of the jury, but not by the greater weight of the evidence, that the note was not given "for value," in order to defeat a recovery.
In Board of Education v. Makely, 139 N.C. 30, on page 35, the Court discusses the terms, "burden of proof," "burden of issue," and "prima facie case," as follows: "Plaintiffs are, therefore, as we have said, the actors, and they allege the affirmative of the issue to be the truth of the matter." McCormick v. Monroe, 46 N.C. 13. "The burden of the issue was upon them from the beginning to the close of the case, although the burden of proof may have shifted during the trial from one side to the other, and even repeatedly back and forth. The distinction between the burden of the issue and the burden of proof is thus stated by an eminent law writer: "The burden of the issue — that is, the burden of proof in the sense of ultimately proving or establishing the issue or case of the party upon whom such burden rests, as distinguished from the burden or duty of going forward and producing evidence — never shifts, but the burden or duty of proceeding or going forward often does shift from one party to the other, and sometimes back again. Thus, when the actor has gone forward and made a prima facie case, the other party is compelled in turn to go forward or lose his case, and in this sense the burden shifts to him. So the burden of *Page 485 
going forward may, as to some particular matter, shift again to the first party in response to the call of a prima facie case or presumption in favor of the second party. But the party who has not the burden of the issue is not bound to disprove the actor's case by a preponderance of the evidence, for the actor must fail if, upon the whole evidence, he does not have a preponderance, no matter whether it is because the weight of evidence is with the other party or because the scales are equally balanced." 1 Elliott on Ev., 139; Fitzgerald v. Goff, 99 Ind. 28.
White v. Hines, 182 N.C. 275, contains a collection of the authorities, with many conflicts pointed out, in the light of the effect of the doctrine of "res ipsa loquitur," "prima facie case," "burden of proof," and the "burden of the issue." The only solvent for the apparent conflicts in the many decisions on this subject is suggested in this case by Mr.Justice Adams in holding, in effect, that there is a wide difference in the use of the expression of "burden of proof" in the sense of proving or establishing the issue, or case, as distinguished from the use of this term as an expression of the practical necessity of going forward or proceeding with evidence or proof. If we use these terms in the sense, keeping in mind the difference and restricting each to its proper office, it is possible that the true rule may be applied without injury to either party to the controversy. Practical experience, however, teaches us that these shades of meaning are not well suited to controversies in the trial courts, and that often they bring about prejudicial error.
In the instant case, construing the charge contextually and not in detached portions (Cherry v. Hodges, 187 N.C. 368; In re Mrs. Hardee,187 N.C. 381), we perceive that the trial court, in charging the jury, "if the plaintiff thus makes out a prima facie case and the burden of proof shifts to the defendants, then the defendants in order to defeat a recovery by the plaintiff must show to the satisfaction of the jury, and not by the greater weight of the evidence, that said note was given as an accommodation to the plaintiff and was without valuable consideration, and if such facts are shown to the satisfaction of the jury, the plaintiff would not be entitled to recover," improperly placed upon the defendant, as a matter of law, the burden of proof, and that such an instruction was tantamount to placing upon the defendant the burden of proof in the sense of ultimately proving his defense of insufficient consideration as distinguished from the mere election, which arose upon the introduction of the note with a recital of a valuable consideration therein, either to go forward with evidence rebutting the declaration in the note, or to take the risk of an adverse verdict in the absence of such evidence, from the defendant.
In Speas v. Bank, 188 N.C. 524, the same doctrine is reconsidered with these statements: "The party alleging a material fact, necessary to *Page 486 
be proved and which is denied, must establish it by a preponderance of the evidence, or by the greater weight of the evidence. Having alleged the truth of a matter in issue, he becomes the actor as to such matter, and necessarily has the burden of proving it. The party denying his allegations cannot have this burden at any time during the trial, for this would be to place the burden of the issue on both parties at the same time." TobaccoGrowers Assn. v. Moss, 187 N.C. 421; Leonard v. Rosenthal, 123 Wis. 442. "The burden of the issue and the duty of going forward with evidence are two very different things. The former remains on the party affirming a fact in support of his case, and does not change at any time throughout the trial." "The burden of proof continues to rest upon the party who, either as plaintiff or as defendant, affirmatively alleges facts necessary to enable him to prevail in the cause. It is required of him who thus asserts such facts to establish them before he can become entitled to a verdict in his favor; and, as to these matters, he constantly has the burden of the issue, whatever may be the intervening effect of different kinds of evidence or evidence possessing under the law varying degrees of probative force. Smith v. Hill, 232 Mass. 188.
"A prima facie case, or prima facie evidence, does not change the burden of proof. It only stands until its weight is met by evidence to the contrary. The opposing party, however, is not required as a matter of law to offer evidence in reply. He only takes the risk of an adverse verdict if he fail to do so. White v. Hines, supra. The case is carried to the jury on a prima facie showing and it is for them to say whether or not the crucial and necessary facts have been established."
In the light of these clearly reasoned opinions, well fortified by both authorities and experience in every-day affairs, it must be held that the burden of the issue and the burden of proof always rests upon the actor, and never upon the reus. This is true when these terms are used in the sense of the ultimate establishment of the case, or the specific matter affirmatively and necessarily alleged in order to obtain the desired relief.
Inasmuch as there has grown up such a divergent use of the term "burden of proof," which has, in legal parlance, two offices (which ought to be, but are not) entirely distinct, we suggest that, in instructions to juries, trial courts use the term, "burden of proof," only in the sense of the burden of the issue, and, thereby, the "burden of the issue" and the "burden of proof" become interchangeable and coextensive terms. This suggestion is for the purpose of bringing order out of seeming confusion. It is but proper that instructions to juries should be couched in language of which the meaning in legal parlance *Page 487 
is the same as the meaning in every-day affairs. All instructions are intended for the guidance and aid of the juries.
Going forward with evidence, or the right to elect to go forward, or not to go forward, and prima facie case, as well as presumptions of fact, which are largely mere inferences with varying degrees of probative force, are largely questions that affect the litigants and counsel in the management of the cause before it is submitted to the jury, and are not matters for the consideration of a jury until submitted to them. Whether, when a prima facie case has been established by the plaintiff, the defendant will go forward with evidence, or offer evidence, or rely upon the weakness of the plaintiff's showing, is, until a verdict is rendered, a matter to be determined by the litigant and his legally constituted advisors. Of course, prior to the adoption of our statute, C. S., 564, these questions were more serious, because the judges then had the right to express an opinion upon the facts under the common law. Now, the jurors are the only and absolute triers of the facts, and these questions have lost much of their ancient use. So far as the court is concerned, if the evidence offered by one party, if found to be true, is sufficient to support the verdict, the judge's duty, as to the weight of the evidence and his opinion in regard thereto, suspends itself until he comes to consider, in his discretion, a motion to set aside the verdict. Much confusion as to proceeding with evidence, when a prima facie showing has been made, is eliminated by a proper application of C. S., 564. Under our system, the trial court, during the production of the evidence, must, necessarily, proceed upon the theory that the jury has a right to find as true, all the evidence submitted by either party.
Much confusion also arises from loose pleading and from the mixing of distinct issues into one issue.
Unless the complaint contains "a plain and concise" statement of the facts constituting a cause of action, without unnecessary repetition (C. S., 506), and the answer contains "a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief," and "a statement of any new matter constituting a defense of counterclaim, in ordinary and concise language," courts will be hampered in determining what are the proper issues, both as to form and to number. The principles of good pleading are retained under our present system. Hartsfield v. Bryan,177 N.C. 166; Blackmore v. Winders, 144 N.C. 216; Lassiter v. Roper,114 N.C. 17; Stokes v. Taylor, 104 N.C. 394; Knowles v. R. R., 102 N.C. 65;Junge v. MacKnight, 135 N.C. 110; Pierce v. R. R., 124 N.C. 98;McElwee v. Blackwell, 94 N.C. 261; Hussey v. R. R., N.C. 34; Rountreev. Brinson, 98 N.C. 107; Kiff *Page 488 v. Weaver, 94 N.C. 278; Hammond v. Schiff, 100 N.C. 161; Womble v.Leach, 83 N.C. 84; Jones v. Mial, 82 N.C. 252; Gorman v. Bellamy,82 N.C. 496; Moore v. Hobbs, 77 N.C. 66.
In the instant case, the pleadings clearly met this requirement, and, since the burden of the issue is upon the plaintiff, when the execution and delivery of the note sued on the admitted and the only issue in reality is the consideration of the note, the issue submitted is in proper form. In fact, when each element contained in an issue, whether one or more, is such that the burden of proof rests upon the same party as to all of these elements, one issue may contain as many controverted questions of fact as the court may desire to include therein, but when the issue submitted to the jury contains elements upon which the burden of ultimately establishing the same is upon different parties, confusion will most likely occur. This is left to the sound discretion of the trial court, and is, evidently, one of the reasons for vesting such discretion in the trial court.
A desire to remedy this situation, In re Herring's Will, 152 N.C. 258, led the trial court to submit to the jury three issues, instead of one. In this case the Court says: "The number and form of issues rests in the discretion of the court, if every phase of the contention could have been and was presented." Patterson v. Mills, 121 N.C. 266; Rittenhouse v. R.R., 120 N.C. 544; Humphrey v. Church, 109 N.C. 132; Denmark v. R. R.,107 N.C. 185; Deaver v. Deaver, 137 N.C. 246; Warehouse Co. v. Ozment,132 N.C. 839; Lance v. Rumbough, 150 N.C. 25; Bank v. Ins. Co.,150 N.C. 775. But it is the duty of the trial court to submit such issues as will make easy the elucidation of the facts to the jury. C. S., 584.In re Herring's Will, supra.
Wigmore on Ev. (2 ed.) paragraphs 2483-2498, contains an elaborate and learned discussion of the basic principles underlying this doctrine of the burden of the proof in its several relations. The learned author suggests tests by which these questions may be determined in practice. We commend the following statement taken therefrom: "The important practical distinction between these two senses of `burden of proof,' is this: `The risk of nonpersuasion operates when the cases come into the hands of the jury while the duty of producing evidence implies a liability to a ruling of the judge disposing of the issue without leaving the question open to the jury's deliberation.'" The author puts the basis of the burden of proof, or burden of the issue, when used in the same sense, upon the risk of nonpersuasion, which follows the party asserting the affirmative of the issue throughout the case; and we conceive the foregoing statement to be correct when interpreted in the light of the limitation upon the trial courts in this State, in C. S., 564, and *Page 489 
with further rule that the trial judge assumes that the jury may find, as they have a right to do, that all the evidence, of either party, is true.
In Page v. Mfg. Co., 180 N.C. 330, the rule is illustrated, as applied to the instant case, when the burden was placed on the defendant after plaintiff had made out a prima facie case instead of the recognition of the defendant's duty or right, either to go forward with evidence, or take the risk of an adverse verdict, according to the probative value of the evidence, as determined by the jury. As stated in Page v. Mfg. Co., supra, a prima facie showing merely takes the case to the jury, and upon it, alone, they may decide with the actor or they may decide against him, and whether the defendant shall go forward with evidence or not, is always a question for him to determine.
In this State this question has been considered in many phases. In Speasv. Bank, 188 N.C. 524, the present Chief Justice says: "Generally speaking, the burden of proof, as distinguished from the duty of going forward with evidence (which latter phrase is sometimes inaptly called burden of the evidence) is upon the party asserting the affirmative of an issue, using the term issue in its larger sense and including therein any negative proposition which the actor must show. S. v. Connor, 142 N.C. 700; 22 C. J., 67. This, of course, is not at variance with the well-established rule of evidence that where the subject-matter of a negative averment lies peculiarly within the knowledge of the opposite party, the averment is taken as true unless disproved by that party."Hosiery Co. v. Express Co., 184 N.C. 478; Lloyd v. Poythress, 185 N.C. 180;Bradshaw v. Lumber Co., 172 N.C. p. 222; Beck v. Wilkins, 179 N.C. 231;Tillotson v. Currin, 176 N.C. 479; Ange v. Woodmen, 173 N.C. 33. "The prima facie case is only evidence, stronger, to be sure, than ordinary proof, and the party against whom it is raised by the law is not bound to overthrow it and prove the contrary by the greater weight of evidence, but if he fails to introduce proof to overcome it, he merely takes the chance of an adverse verdict, and this is practically the full force and effect given by the law to this prima facie case. He is entitled to go to the jury upon it and to combat it, as being insufficient proof of the ultimate fact under the circumstances of the case, but he takes the risk in so doing, instead of introducing evidence."
In that case, the court only stated the rule to be, that he against whom a prima facie case is made, may win if, upon the whole evidence, the scales are balanced in the minds of the jurors, or, to state it concisely, when, upon all the proof, the case is put in equipoise.
A presumption of negligence, when establishing a prima facie case is still only evidence of negligence for the consideration of the jury, and *Page 490 
the burden of the issue remains on the plaintiff. McDowell v. R. R.,186 N.C. 571. Other cases in North Carolina, treating this subject are as follows: Cox v. R. R., 149 N.C. 117; Overcash v. Electric Co.,144 N.C. 573; Furniture Co. v. Express Co., 144 N.C. 639;Shepard v. Telegraph Co., 143 N.C. 244; Stanford v. Grocery Co.,143 N.C. 420; Ross v. Cotton Mills, 140 N.C. 115;Board of Education v. Makely, 139 N.C. 31; Stewart v. Carpet Co.,138 N.C. 60; Womble v. Grocery Co., 135 N.C. 474.
In Cook v. Guirkin, 119 N.C. 13, the Court discusses the rule with reference to the production of evidence by the party who has such evidence within his own peculiar knowledge or has the custody of the document upon which he relies to establish a certain averment. It is apparent from this case that there can be no conflict with the rule announced in the instant case, because a presumption always arises in aid of the party adverse to him who has the peculiar knowledge or custody of the evidence on the given question, and, thereby, the burden of the issue is not affected, and the requirement that, he who has the peculiar knowledge or the possession of the instruments necessary for the proof, must go forward, is only another way of stating that a presumption arises against him who has such peculiar knowledge or possession, and, thereby, aids the party having the burden of proof to such an extent as will put his adversary to his election, either to go forward or run the risk of an adverse verdict from the presumption.
In Massachusetts, this rule seems to have been most clearly applied for many years. In West v. State Street Exchange, 146 N.E. 37 (Mass.), this Court says: "The weight or preponderance of evidence might shift, with varying aspects of the trial, but the burden of proof rested on the plaintiffs to maintain the issue presented by the pleadings." Carroll v.Boston Elevated Railway, 200 Mass. 527. In Wylie v. Marinofsky,201 Mass., p. 584, the Court says: "Indeed, the burden of proof does not shift under the law of this Commonwealth. When the plaintiff has closed his case, the defendant may then attack it. If he merely introduces evidence which breaks down the case of the plaintiff, he assumes no burden of proof." Willett v.Rich, 142 Mass. 356; Gibson v. International Trust Co., 177 Mass. 100.
Wilder v. Cowles, 100 Mass., p. 490 says: "The burden upon the plaintiff is coextensive only with the legal proposition upon which his case rests. It applies to every fact which is essential, or necessarily involved in that proposition."
Smith v. Hill, 232 Mass. 188, says: "The party whose case requires the proof of that fact, has all along the burden of proof. It does not shift, though the weight in either scale may at times preponderate." *Page 491 Powers v. Russell, 30 Mass. 69; Hughes v. Williams, 229 Mass. 467;Commonwealth v. Thurlow 24 Pick. (Mass.), 374.
In Hill v. Smith, 260 U.S. 592, Mr. Justice Holmes says that the distinction between the burden of proof and the necessity of producing evidence to meet that already produced has been familiar in Massachusetts since the time of Chief Justice Shaw, who wrote the opinion in Powers v.Russell, supra. St. John Bros. Co. v. Falkson, 130 N.E. 51 (Mass.); Rudyv. Warehouse Co., 144 N.E. 286, (Mass.), Rugg, C. J., says: "This Court has maintained with care the general distinction between the burden of proof and the necessity of producing evidence to meet that already produced."
The same rule has been announced in other states. First National Bank v.Ford, 216 P. 691 (Wyo.); Guaranty State Bank v. Shirey, 258 S.W. 1109
(Texas); Menzenworth v. Metropolitan Insurance Co., 249 S.W. 113 (Mo.);Carver v. Carver, 97 Ind. 497. Res ipsa loquitur does not shift the burden of proof. Sweeney v. Irving, 228 U.S. 223.
The defendants also contest the requirement in this charge that the defendants should "satisfy" the jury that the prima facie showing made by plaintiff upon the introduction of the note with its recital of "for value received of him." While this contention is not vital, in the light of the rule as to "burden of proof," herein set forth, it is proper that we now consider it. It is clear that the instruction, considered contextually as is the rule, that the defendant was required to show "to the satisfaction of the jury and not by the greater weight of the evidence," when coupled with the premise "in order to defeat a recovery by the plaintiff," is placing the burden of proof on the defendants in the sense of the ultimate establishment of the truth of his allegation of "no consideration" as an affirmative defense. Their defense is only negative; they deny that there is any consideration for the note and assert that it is only an accommodation paper.
In Chaffin v. Mfg. Co., 135 N.C. 95, 99, the words, "to the satisfaction of the jury," were considered as equivalent to "the preponderance of the evidence." The Court says: "The weight of the evidence must be with the party who has the burden of proof, or else he cannot succeed." The same rule is announced in Sigmon v. Shell, 165 N.C. 582,586. In both of these cases our Court conceives the language "to the satisfaction of the jury" as consistent with and equivalent to the burden of the proof of the issue in its ultimate establishment.
As stated in White v. Hines, supra: "Of course it will be understood that the rule herein stated is not intended, in any way, to modify the well-established principles that apply in cases of homicide. What is said in the instant case does not apply to criminal cases. The rule in criminal cases is set forth with much clearness by the present Chief Justice in *Page 492 Speas v. Bank, supra. We perceive, although we do not now decide, that there is no real conflict. When we consider the character of the contest in criminal cases, upon a plea of not guilty, involving only a simple denial of the allegations of the State, and in other instances, when the plea amounts to a dependent defense, and in cases when the plea is in the nature of a confession and avoidance, the apparent conflict materially lessens. S.v. Benson, 183 N.C. 795; S. v. Willis, 63 N.C. 26; S. v. Terry,173 N.C. p. 761; S. v. Hancock, 151 N.C. 699; S. v. Clark, 134 N.C. 706; S.v. Barrett, 132 N.C. 1005. In S. v. Benson, supra, the Court says: "When it is admitted or proven that the defendant killed the deceased with a deadly weapon, the law raises two presumptions against him: first, that the killing was unlawful; and second, that it was done with malice; and an unlawful killing with malice is murder in the second degree." S. v. Fowler,151 N.C. 732.
It will be seen that, in cases of homicide, it is the law that raises the presumption when the killing with a deadly weapon is admitted or proved. This makes the crime, as a matter of law, murder in the second degree, when the killing and the use of a deadly weapon are established, unless the defendant proves the legal provocation that will extinguish the malice and reduce it to manslaughter, or that will excuse it upon the ground of self-defense, accident or misadventure. S. v. Carland,90 N.C. p. 675; S. v. Little, 178 N.C. 722.
In S. v. Willis, supra, Mr. Justice Battle declines to follow the rule that, matters in excuse and in mitigation in such criminal cases, should be proved by the preponderance of the evidence, but allowed and approved the statement that they need only to be proven to the satisfaction of the jury. The Court used such language as to indicate that, although such matters practically amount to an affirmative defense, the law, although it raises the presumption of murder in the second degree from the killing with a deadly weapon, will, for the same reason that it requires the State to prove its case beyond a reasonable doubt, "in the humanity of the law," "for the prisoner's sake," (S. v. Starling, 51 N.C. 366) only requires the defendant to show matters in excuse or mitigation "simply to the satisfaction of the jury" (S. v. Benson, supra; S. v. Carland, supra), although such matters are practically in the nature of a confession and avoidance or an affirmative defense.
The plaintiff's learned and able counsel contend that the other parts of the charge ought to be construed as curing this error, if we conceive it to be error. If we pursue this view, we run across the doctrine announced inPatterson v. Nichols, 157 N.C. 407, 413, and in Grocery Co. v. Taylor,162 N.C. 313.
In these cited cases, the same rule was invoked and the Court said that the jury could not be expected to determine which rule to follow. *Page 493 
If we could perceive this error to be harmless we would apply the salutary doctrine, so ably set forth in Brewer v. Ring, 177 N.C. 484; S.v. Smith, 164 N.C. 476; Schas v. Assurance Society, 170 N.C. 420, 424; and in Graham Waterman on New Trials, 1235, as does plaintiff's counsel.
The burden of proof is a material rule in all trials of the same nature and kind as the instant case.
The learned author of Graham Waterman on New Trials, supra, says: "Without loss or the probability of loss, there can be no new trial." The rule as to the burden of proof is material. Often, on its proper application, the case pivots, property and personal rights are, thereby, in many cases, established.
In Hosiery Co. v. Express Co., 184 N.C. 478, the present Chief Justice
says: "The rule as to the burden of proof is important and indispensable in the administration of justice. It constitutes a substantial right of the party upon whose adversary the burden rests; and, therefore, it should be carefully guarded and rigidly enforced."
In S. v. Parks, 25 N.C. 296, Gaston, J., said: "It is essential to the uniform administration of justice, which is one of the best securities for its faithful administration, that the rules of evidence should be steadily observed." Chief Justice, John Marshall, in Mima Queen v. Hepburn,11 U.S. 290, 295, said: "It was very justly observed by a great judge that "all questions upon the rules of evidence are of vast importance to all orders and degrees of men: our lives, our liberty, and our property are all concerned in the support of these rules, which have been matured by the wisdom of ages, and are now revered from their antiquity and the good sense in which they are founded."
In McDowell v. R. R., supra, Justice Hoke, afterwards Chief Justice, when speaking to the value and the integrity of trial by jury as the accepted and approved method of determining questions of disputed fact among English-speaking peoples for more than 900 years, says: "And one of the chiefest features of such a trial as contemplated in these instruments (State and National Constitutions) is that evidence shall be received and weighed in accordance with established rules which have been found by time and experience to make for the ascertainment of truth and the maintenance of right, and a clear violation of such rules can never be regarded as of slight importance."
In the light of these holdings of the Supreme Court of the United States, and our own Court, through Chief Justice John Marshall, JusticeGaston, Chief Justice Hoke and Chief Justice Stacy, we must conclude that the importance and materiality of the rule as to the burden of proof is firmly established.
Let there be a
New trial. *Page 494